377 P.2d 515

Gregorio L. VIGIL, Plaintiff-Appellee,

v.

Cirilo BARELA, Cornelio Tafoya, Juan Pacheco, Adelaido Lujan and Ricardo Duran, as members of the Board of Education of the Penasco Independent School District, and The Board of Education of the Penasco Independent School District, Defendants-Appellants.

No. 6829.

Supreme Court of New Mexico.

March 20, 1962.

Rehearing Denied Jan. 25, 1963.

Chacon & Melendez, Espanola, Harold A. Roberts, Florenceruth J. Brown, Santa Fe, for appellants.

Lorenzo A. Chavez, Arturo G. Ortega and Melvin L. Robins, Albuquerque, for appellee.

CHAVEZ, Justice.

Plaintiff-appellee, Gregorio L. Vigil, filed suit for declaratory judgment to determine the validity of a contract dated October 13, 1956, with defendants-appellants, Board of Education of the Penasco Independent School District. Under the terms of the contract, appellee was employed as school superintendent for a period ending June 30, 1964. Appellants, by their amended answer, denied generally the allegations of the complaint and, among other defenses, alleged that the contract under which appellee based his cause of action is in violation of § 73–12–13, N.M.S.A., 1953 Comp., as amended.

The trial court, after hearing the evidence, found that the contract dated October 13, 1956, was valid and concluded that the court would retain jurisdiction of the cause and make such orders as the court deemed just, should appellee petition for further affirmative relief. Judgment was entered accordingly and the Board of Education of the Penasco Independent School District appeals. Appellants will hereinafter be referred to as "School Board."

The facts briefly stated are as follows. On June 8, 1956, at a special meeting of the School Board, a written contract was entered into employing appellee as superintendent for a period of three years commencing July 1, 1956. On October 13, 1956, at a regular meeting of the School Board, attended by a majority of said School Board (a quorum being present), the contract in question in this case was entered into employing appellee as superintendent for a period of eight years commencing July 1, 1956, through June 30, 1964.

In February, 1957, a school board election was held at Penasco and two new members were elected. On March 4, 1957, the new school board held a meeting wherein appellee's contract of October 13, 1956, was discussed. At a meeting on August 17, 1957, the School Board informed appellee that it did not recognize the October 13, 1956 contract, and that appellee could serve the remaining year under the three-year contract entered into on June 8, 1956. Appellee advised the School Board that he was not relinquishing his rights under the eight-year contract. In June, 1958, the School Board dismissed appellee and thereafter appellee filed this suit.

Appellants-School Board raise four points upon which they seek a reversal:

I. That the contract shows on its face that it was for an unreasonable length of

time, is fraudulent and collusive, and is illegal and void as a matter of law.

II. That appellee's eight-year contract as superintendent of the Penasco Independent School District is invalid because in violation of § 73–12–13, N.M.S.A., 1953 Comp., as amended.

III. The court was without jurisdiction to entertain the action because appellee had not exhausted his administrative remedies.

IV. Appellee's eight-year contract with appellants-School Board is unlawful because the same is in violation of § 11–6–6, N.M.S.A., 1953 Comp., commonly known as the Bateman Act.

We will consider point II as it is decisive of this case.

Section 73–12–13, N.M.S.A., 1953 Comp., as amended, being § 1, Ch. 71, Laws of 1955, provides in part as follows:

"(a) On or before the closing day of each school year the governing board of education, hereinafter referred to as the governing board, of each school district in the State, whether rural, municipal or otherwise shall serve written notice of reemployment of or dismissal upon each teacher by it then employed, certified as qualified to teach by the State Board of Education, hereinafter referred to as the State Board. Written notice of placement shall also be given to such qualified teachers employed by county boards of education on or before the closing day of school of each year.

"(b) The notice of dismissal required under subsection (a) of this section to a certified teacher who has taught in a particular county or other particular administrative school unit for three (3) consecutive years and holds a contract for the completion of a fourth consecutive year in a particular district shall specify a place and date for a hearing not less than five (5) days nor more than ten (10) days from the date of service of such notice at which time the teacher may appear. Notice of dismissal shall contain a statement of the cause or causes for dismissal upon which the governing board bases its decision to terminate the services of any teacher. Causes for dismissal of teachers shall be any such causes specified in the uniform contract approved by the State board for New Mexico school teachers or any other good and just cause. Personal service of such notice shall be made as provided by law for civil service of process and proof thereof shall be made by the affidavit of the person making such service. Any teacher aggrieved by the decision rendered after such hearing by the governing board may within ten [10] days from the date of receipt thereof appeal to the State board."

The pertinent language of the prior statutes should be noted. Section 1, Ch. 202, Laws of 1941, and § 1, Ch. 60 of the Laws of 1943, provide in part as follows:

"55–1111. On or before the closing day of school in each school district in the State, whether rural, municipal or otherwise, the governing board shall serve written notice upon each teacher or other employe certified as qualified to teach * * *."

Section 1, Ch. 125, Laws of 1945, amended the 1943 Act (§ 55–1111, N.M.S.A., 1941 Comp.) by inserting the word "classroom" before the word "teacher" and deleting the words "or other employee."

Section 1, Ch. 89, Laws of 1949 (§ 55–1111), provides in part as follows:

"On or before the closing day of each school year the governing board of each school district in the state whether rural, municipal or otherwise, shall serve written notice upon each class room teacher certified as qualified to teach in the schools in the state and by it then employed giving written notification of reemployment or dismissal. * * *"

Section 1, Ch. 71, Laws of 1955, again amended the 1945 Act (§ 55–1111) by providing:

"* * * shall serve written notice of reemployment of or dismissal upon each teacher by it then employed, certified as qualified to teach by the State Board of Education, * * *."

Thus the 1955 Act omitted the word "classroom" and used the words "each teacher by it then employed, certified as qualified to teach." By subsection (b), the 1955 Act uses the words "a certified teacher who has taught." The words "or other employee" used in the 1943 Act were not reinstated in the 1945 Act or in the 1955 Act.

The state board of education has the power:

(1) To hold, or cause to be held, examinations for teachers for all the elementary and high schools of the state, under such regulations as it may prescribe. § 73–1–7(d), N.M.S.A., 1953 Comp.

(2) To determine qualifications of persons teaching or desiring to teach school in any of the public, elementary and high schools of the state and to that end promulgate a system of classification of teachers. § 73–1–7(e), N.M.S.A., 1953 Comp.

(3) To certificate teachers according to law and the prescribed classification of said board, and at its discretion to issue temporary teaching certificates in the interim of examinations, but in no case shall a person under the age of 18 years be certificated. § 73–1–7(f), N.M.S.A., 1953 Comp.

Under the provisions of § 73–12–1, N.M. S.A., 1953 Comp., (Ch. 148, Laws 1923),

every teacher shall present his certificate to the school authority employing him before assuming the duties of a school teacher.

Section 73–12–3, N.M.S.A., 1953 Comp., provides that any person who teaches in the public schools without the required teacher's certificate shall forfeit all claims to compensation for services rendered.

The contract in issue specifically provides that it is made subject to the rules and regulations of the state board of education, and that the contract shall be binding upon the School Board as soon as appellee furnishes a proper certificate for the position to be held. The contract further provides that appellee, as superintendent, shall perform all his duties faithfully and in a conscientious manner, and shall further watch the morals of all pupils under him.

The Rules and Regulations Governing Certification of Teachers and Administrators, Including New Regulations of March 5, 1951, made by the State Department of Education, 1955–1956, which were filed on April 13, 1956, with the Librarian, Supreme Court Library, on pages 9 and 10 thereof, provide:

"6. *ADMINISTRATIVE CERTIFICATE-Five Year*

"(1) Graduation from an approved four-year normal, college or university.

"(2) A minimum of three years of successful teaching experience, two years of which must have been in the public schools of New Mexico. A candidate for the Administrative Certicate who has had three years of successful teaching experience, but has had no teaching experience in the Public Schools of New Mexico, may be allowed to substitute one year of 30 semester hours or 45 term hours of graduate work earned in an accredited institution of higher learning in New Mexico in lieu of the two years teaching experience required in New Mexico schools.

"(3) Qualified for the Five-Year Master Teacher's Elementary Certificate or a Five Year High School Certificate.

"(4) Master's Degree or 30 semester hours of graduate work.

"(5) Included in the above requirements the applicant shall have completed a minimum of 15 semester or 22 term hours in Education, pertaining to Organization, Administration and Supervision. (The North Central Accrediting Association requires that the 15 semester hours credit be on the graduate level. Therefore Administrators in North Central Accredited Schools should be sure their 15 semester hours credit in Supervision, Administration, and Organization should be

on the graduate level in order to comply with North Central regulations.)

"(6) The certificate shall be valid for five years and shall entitle the holder to administer public education and engage in such school supervision as may properly be included in the duties of a superintendent or a supervisor.

\*     \*     \*     \*     \*     \* .

"NOTE: 1. Administrative Certificates shall be required of all administrators located in school systems having accredited four-year high schools.

"2. An Administrator is the person in charge of a school system having an accredited four-year high school and the principal of an accredited four-year high school."

The boards of school directors of independent school districts have the same powers and duties as are provided by law for municipal boards of education. Section 73–9–14, N.M.S.A., 1961 Pocket Supp. Municipal boards of education have like powers over the schools and districts within their jurisdiction as those possessed by county school boards of education. Section 73–10–2, N.M.S.A., 1953 Comp.

Counsel are in disagreement as to our holding in the case of Ortega v. Otero, (1944), 48 N.M. 588, 154 P.2d 252. The Ortega case related to the attempted dismissal of a rural school supervisor. The question involved was whether a rural school supervisor, appointed pursuant to § 55–807, N.M.S.A., 1941 Comp., and certified as qualified to teach, was a "teacher" within the Teacher's Tenure Act then in effect, §§ 55–1111 and 55–1113, N.M.S.A., 1941 Comp. This court held that a rural school supervisor is a person employed for instructional purposes and is a "teacher" who is entrusted with special duties of supervising public instruction in the schools, which embraces counsel and instruction of other teachers in the matter of classroom instruction, as well as personal professional contact with and instruction of pupils, and hence has a teacher's status under the provisions of § 55–1113, supra. The Ortega case makes it clear that the word "teacher," under our Teacher's Tenure Act, is to be given a broad and comprehensive construction.

The record discloses that appellee has a Master's Degree from St. Thomas [Seminary College], Denver, Colorado, certified by Highland's University, as well as a Master's Degree in school administration from New Mexico Highland's University. Appellee taught school at Costilla High School for one year in 1942. From 1943–1946 he was in the military service. Thereafter, he taught one year at Penasco High School and then taught at various elementary schools in Taos County. He returned to the Penasco Independent School Dis-

trict in the school year 1954–1955, teaching English, a class in citizenship, and being in charge of the school paper and the school annual. In 1955 he was employed for one year as principal of the Penasco High School. This was immediately prior to his being employed as superintendent of the Penasco Independent School District.

The record does not disclose what the enrollment is at the Penasco Independent School District, although we must assume that, being an independent school district, the enrollment exceeds 400 pupils, a regular four-year high school course has been successfully maintained, and that the requirements of the state board of education as to certification of teachers have been met. Section 73–9–14, N.M.S.A., 1953 Comp. The following rural school districts are included in the Penasco Independent School District: Costilla, El Valle, Chamisal, Rio Lucio, Penasco proper, Vadito, Llano Largo and Rodarte. The record also discloses that for the 1956–1957 school year the total maintenance budget for said school district was $216,051. The record further shows that as of July, 1956, appellee held a five-year administrative certificate from the state department of education; that he had a master teacher's elementary certificate and a high school certificate; and that he was at all times a qualified teacher certified by the state department of education.

The following questions were propounded to and answered by appellee:

"Q. So your occupation has always been teacher?

"A. Basically, that's correct. Like that Supervisor, I believe, that's considered both administrative and a teaching job.

\*　　\*　　\*　　\*　　\*　　\*

"Q. During the entire period that you acted as superintendent at the Penasco Independent School District, or of the Independent School District, Mr. Vigil, was that your sole duty acting as Superintendent as such?

"A. Yes, sir, it involves a great variety of duties.

"Q. Yes, but does it involve any classroom teaching or teaching of any kind?

"A. No, no classroom teaching."

Appellee testified that after his dismissal by the school board, he appealed to the state board of education and the appeal was set for hearing. However, before the appeal was heard by the state board of education, appellee withdrew his appeal and filed his complaint for declaratory judgment in this case.

The Rules and Regulations of the State Department of Education Governing Certification of Teachers and Administrators make it apparent that the state board of education regards school superintendents as teachers. The language of the Rules

and Regulations prescribes the qualifications of appplicants for the various teacher's certificates such as vocational certificates, provisional elementary certificates, master teacher's elementary certificates, new high school certificates, administrative certificates, and life certificates.

Over the years the legislature has demonstrated that the omission to grant express authority to employ or dismiss superintendents, as such, was not an inadvertence. The statute refers to "teacher's contracts" and uses the words "shall serve written notice of reemployment of or dismissal upon each teacher by it then employed, certified as qualified to teach by the state board of education."

A reading of the various legislative enactments, finally culminating in § 73–12–13, supra, together with the rules and regulations of the state department of education as authorized by law, as well as the contract itself, leads us to the conclusion, under the record in this case, that a person such as appellee, a school superintendent who must possess certain specified qualifications in order to obtain an administrative certificate (including graduation from an approved four-year normal college or university; must have a minimum of three-years teaching experience; must be qualified in organization, administration and supervision; is entitled to administer public education and engage in school supervision as may properly be included in the duties of a school superintendent or supervisor; is a person in charge of a school system having an accredited four-year high school; and who shall further watch the morals of all pupils under him), is a "teacher," who is entrusted with special duties of direction, supervision and administration of a school system having an accredited four-year high school, within the meaning and contemplation of the Teacher's Tenure Act, § 73–12–13, supra.

Our decision finds support in other jurisdictions where the problem has arisen as to whether school superintendents are "teachers" within the definition of Teacher's Tenure Acts. McNely v. Board of Education, etc., 9 Ill.2d 143, 137 N.E.2d 63; School City of Lafayette v. Highley, 213 Ind. 369, 12 N.E.2d 927; Gallardo v. Gonzales, (1 C.C.A.), 143 F.2d 947. Compare Lemasters v. Willman, (Mo.App. 1955), 281 S.W.2d 580.

We thus hold that appellee could not be employed under the Teacher's Tenure Act for a period longer than one (1) year, and that the contract entered into on October 13, 1956, violated said § 73–12–13, supra.

In view of our disposition of this case, it is unnecessary to consider appellants' other points.

The judgment of the district court is reversed and the case remanded with direction that the case be dismissed.

IT IS SO ORDERED.

COMPTON, C. J., and NOBLE, J., concur.

CARMODY and MOISE, JJ., not participating.