In the Matter of John H. Seyfang
III, Contestant.

John H. SEYFANG, III, Appellant
(Contestant below),

v.

BOARD OF TRUSTEES OF WASHAKIE
COUNTY SCHOOL DISTRICT NO. 1,
Appellee (Respondent below).

BOARD OF TRUSTEES OF WASHAKIE
COUNTY SCHOOL DISTRICT NO. 1,
Appellant (Respondent below),

v.

John H. SEYFANG, III, Appellee
(Contestant below).

Nos. 4679, 4680.

Supreme Court of Wyoming.

May 5, 1977.

Elmer J. Scott, of Scott & Shelledy, Worland, for John H. Seyfang III.

John W. Davis, Worland, for Bd. of Trustees.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

This proceeding involves appeals by both parties from a judgment entered in the district court, which appeals were consolidated for the purpose of argument.

The issues are presented for our consideration through questions raised by an order of the district court which dismissed the appeal of John H. Seyfang III, for want of jurisdiction. The case came to the district court's attention upon appeal from an order of the Board of Trustees of Washakie County School District No. 1, terminating Seyfang's contract of employment as superintendent of schools for the school district.

The district court's order, which holds that a superintendent of schools is not a teacher and which dismisses Seyfang's appeal will be affirmed.

John H. Seyfang III was employed as superintendent of schools for the school district for ten years. On February 13, 1975, he received a notice of recommendation of termination, whereupon he requested a hearing pursuant to § 21.1–158, W.S.1957, 1975 Cum.Supp.[1] A notice of hearing was

---

1. Section 21.1–158, W.S.1957, 1975 Cum.Supp., provides:

"Hearing on recommendation of termination.—A continuing contract teacher shall be entitled to a hearing before the board within thirty (30) days after receipt of notice of a recommendation of termination by requesting same in writing within at least ten (10) days after receiving said notice. (Laws 1967, ch. 182, § 7; 1969 ch. 111, § 158.)"

given on February 20, 1975, with the hearing scheduled for March 11, 1975. Mr. Ross Copenhaver was designated by the Board to be the hearing examiner. On March 1, 1975, Seyfang requested a bill of particulars with respect to the reasons for the recommendation of termination and asked for a new hearing date. The hearing examiner directed the Board's attorney to supply Seyfang with a list of witnesses and a summary of their expected testimony, but did not change the hearing date. On March 8, 1975, the witness list and summary of testimony were provided. On March 10, 1975, Seyfang received affidavits representing the direct testimony of five Board members. Later on the same day, a prehearing conference was held at which time Seyfang made a motion for a continuance to March 19, 1975, which was denied. At the commencement of the hearing, the Board's attorney entered a general objection to the proceeding on the ground that "the Continuing Contract Law ["Wyoming Teacher Employment Law," §§ 21.1–151—21.1–164, W.S.1957, 1975 Cum.Supp.] is not in fact applicable to superintendents," but indicated that the Board would "proceed herein in all good faith that the Continuing Con-

tract Law is applicable." On April 22, 1975, the Board decided that Seyfang's contract should be terminated effective June 30, 1975.

Seyfang appealed this decision to the district court pursuant to the judicial review provisions of § 9–276.32, W.S.1957, 1975 Cum.Supp.[2] On February 20, 1976, the following order was entered:

"*JUDGMENT AND ORDER*

"THIS MATTER having come on for hearing on the 4th day of February, 1976, at the Washakie County Courthouse, Worland, Wyoming, the Contestant being represented by Elmer J. Scott, Washakie County School District No. 1 being represented by John W. Davis, the parties having submitted briefs and the Court having heard the arguments and cited authorities of the parties, and being fully advised in the premises, FINDS:

"1. The Board of Trustees of Washakie County School District No. 1 acted as Judge, Jury, Prosecuting Attorney, and Primary Witnesses against the Contestant, and under those circumstances, the Contestant could not have received a fair and impartial hearing. For this reason,

2. Section 9–276.32, W.S.1957, 1975 Cum.Supp., provides:

"Judicial review by district courts; rules of supreme court to govern.—(a) Subject to the requirement that administrative remedies be exhausted and in the absence of any statutory or common-law provision precluding or limiting judicial review, any person aggrieved or adversely affected in fact by a final decision of an agency in a contested case, or by other agency action or inaction, or any person affected in fact by a rule adopted by an agency, is entitled to judicial review in the district court for the county in which such administrative action or inaction was taken, or in which any real property affected by such administrative action or inaction is located, or in the event no real property is involved, in the district court for the county in which the party aggrieved or adversely affected by the administrative action or inaction resides or has its principal place of business. The procedure to be followed in such proceeding before the district court shall be in accordance with rules heretofore or hereinafter adopted by the Wyoming supreme court.

"(b) The supreme court's authority to adopt rules governing review from agencies to the district courts shall include but not be limited to authority to determine the content of the record upon review; the pleadings to be filed; the time and manner for filing the pleadings, records and other documents; and the extent to which supplemental testimony and evidence may be taken or considered by the district court. The rules adopted by the supreme court under this provision may supersede existing statutory provisions.

"(c) The court's review pursuant to the provisions of this section shall be limited to a determination that:

"(i) The agency acted without or in excess of its powers;

"(ii) The decision or other agency action was procured by fraud;

"(iii) The decision or other agency action is in conformity with law;

"(iv) The findings of facts in issue in a contested case are supported by substantial evidence; and

"(v) The decision or other agency action is arbitrary, capricious or characterized by abuse of discretion. (Laws 1965, ch. 108, § 14; 1973, ch. 24, § 1.)"

the decision of said Board of Trustees in terminating the contract of Contestant was arbitrary and capricious.

"2. That the Wyoming Teacher Employment Law (§ 21.1–151 to 21.1–164, W.S.1957) is not applicable to superintendents of school districts and this Court therefore has no jurisdiction in this matter.

"WHEREFORE, it is hereby ORDERED and ADJUDGED that the appeal of Contestant from the decision of the Washakie County School District Number One be dismissed but, in the alternative, if the Wyoming Supreme Court shall find that the Wyoming Teacher Employment Law is applicable to superintendents, then it is the JUDGMENT of this Court that the decision of the Board of Trustees of Washakie County School District Number One in terminating the contract of the Contestant was arbitrary and capricious and the action of said Board shall be set aside.

"DONE this 19th day of February, 1976.

"s/    Paul T. Liamos, Jr.

"Paul T. Liamos, District Judge"

Seyfang appeals from that portion of the order which dismissed his administrative appeal, and the Board appeals from that portion which alternatively held its decision to terminate Seyfang to be arbitrary and capricious due to a lack of fair and impartial hearing. Since we find that a superintendent of schools is not protected by the Wyoming Teacher Employment Law and, therefore, in that respect, uphold the decision of the district court, it will be unnecessary to consider any other issue. The critical question for our consideration is, then, whether a school superintendent falls within the definition of "teacher," set forth in § 21.1–152(g), W.S.1957, 1975 Cum.Supp., as follows:

"Any person employed under contract by the board of trustees of a school district as a *certified professional employee*." [Emphasis supplied]

If a superintendent does not come within this definition, he or she is not entitled to tenure under Wyoming law.

## BACKGROUND

Other jurisdictions have previously been faced with this question, but their answers differ due to variation in the statutes themselves—in statutory construction and in legislative history.[3] For instance, in *McNely v. Board of Education*, 9 Ill.2d 143, 137 N.E.2d 63, 66 (1956), the Illinois Supreme Court held that a superintendent of schools was a "teacher," defined in the Illinois Teacher Tenure Law as

" 'any or all school district employees regularly required to be certified under laws relating to the certification of teachers * * *.' "

The court utilized a statutory analysis, commenting that while certain parts of the tenure law referred expressly to superintendents, the only proper inquiry was whether a superintendent was required to be certified.[4] Recognizing that "teaching" and "supervising" involved distinctive functions, the court observed that the legislature had chosen to define "teacher" without regard to its common meaning. Finally, the court stated:

". . . We recognize that this subsequent legislation does not afford proof of prior status of the law; but the force of the long continued administrative construction of the school law requiring the certification of superintendents and public acquiescence therein, coupled with the later statutory enactment in conformity thereto, leaves us with the inevitable conclusion that superintendents are, under present law, and were under prior law, 'teachers' within the definition of the Teacher Tenure Law. Our decision in this respect finds support in other jurisdictions. *State ex rel. Frank v. Meigs*

**3.** See 78 C.J.S. Schools and School Districts § 180e(2), pp. 1015–1016.

**4.** To the same effect are *Lester v. Board of Education of School District No. 119*, Ill.App.,

230 N.E.2d 893 (1967); and *Lane v. Board of Education*, 38 Ill.App.3d 742, 348 N.E.2d 470 (1976).

*County Board of Education,* 140 Ohio St. 381, 44 N.E.2d 455; *School City of Lafayette v. Highley,* 213 Ind. 369, 12 N.E.2d 927; *Gallardo v. Gonzalez,* 1 Cir., 143 F.2d 947. Nothing said in *Eelkema v. Board of Education,* 215 Minn. 590, 11 N.W.2d 76, militates against this conclusion. The Minnesota court was there interpreting unlike statutory language in a different historical setting." Ibid., p. 68.

A strong dissent was registered in McNely, wherein the dissenter said, at 137 N.E.2d 70:

". . . In the absence of specific statutory direction, supervisory and administrative officers of a school district should not, by a process of judicial construction, be brought within the coverage of provisions in terms applicable only to teachers. Both in law and in practice such positions constitute a class distinct from that of a teacher. . . ."

\* \* \* \* \* \*

"The legislature may wish at some future time to bring superintendents within the application of tenure provisions. But, on the other hand, there are reasons why it may not wish to do so. As representatives of the people, the board of education is the body charged with the primary responsibility in forming educational policy and supervising school administration. In order for the board to discharge these responsibilities and be responsive to the wishes of the electorate, it would seem essential that they have the right to choose, in their discretion, the district's chief executive officer. Otherwise, the board would have duties but lack the necessary means of fulfilling them."

The Supreme Court of New Mexico also held that a superintendent is a "teacher" within its Teachers' Tenure Act's provisions. *Vigil v. Barela,* 71 N.M. 213, 377 P.2d 515, 519 (1962). Relying again on a statutory analysis, the court concluded that since a superintendent must be certified as qualified to teach, he is a "teacher" within the meaning and contemplation of the tenure law.

On the other hand, the Supreme Court of Rhode Island, in *Irish v. Collins,* 82 R.I. 348, 107 A.2d 455 (1954),[5] held that a superintendent is *not* a "teacher" within the teacher's tenure act. "Teacher" therein was defined as

" ' . . . every person for whose position a certificate issued by the state department of education is required by law.' " Ibid., p. 457.

The court observed, at 107 A.2d 457:

"It is contended that since a certificate is required to be issued for every person occupying the position of superintendent, that a superintendent *as such* is included in this definition. This argument would appear at first blush to be quite plausible. However, the intent of the act must be determined not from one section thereof but from the whole act. . . ."

In reviewing the statute's legislative history, and other prior statutes relating to education, the Rhode Island Supreme Court found the absence of an express inclusion of superintendent within the definition of "teacher" to be fatal to this contention. The court's conclusion was summarized as follows:

"It should be noted particularly that in all the Rhode Island statutes quoted above, passed either before or after the teacher's tenure act, where the term 'teacher' is intended to include a superintendent it is done by express language. Clearly the legislature knew how to include a superintendent within the meaning of 'teacher' when such result was intended. However, in the teacher's tenure act a superintendent is not specifically included within the definition of 'teacher.' It is a reasonable conclusion therefore that such failure to include a superintendent *eo nomine* was intentional and not accidental. This may well be because of the great differences in the duties and functions of a teacher and a superintendent. Although both are required to hold certificates from the state board of education, such certificates are not identical and are not intended to cov-

5. To the same effect is *Bryant v. Cunniff,* 111 R.I. 211, 301 A.2d 84 (1973).

er the same teaching activities. Further the qualifications and requirements therefor are essentially different." Ibid., p. 459.

## DECISION

■ The above-mentioned cases indicate the divergency of opinion on the question now before this court. Since no clear legal position exists on the matter, resort must be made to our own statute. In doing so, we are guided by several rules pertinent to the task of statutory construction. First, a statute which is susceptible to more than one meaning is considered ambiguous, requiring a determination of legislative intent as nearly as possible. *County of Natrona v. Casper Air Service*, Wyo., 536 P.2d 142. Legislative intent in enacting a statute must be found in the language of the statute itself. *Wyoming State Treasurer v. City of Casper*, Wyo., 551 P.2d 687. In *School Districts Nos. 2, 3, 6, 9, and 10 v. Cook*, Wyo., 424 P.2d 751, 756–757, we observed:

"In pursuing this matter we need scarcely remind that the fundamental rule in the construction of a statute is to ascertain, if possible, what the legislature intended by the language used, viewed in the light of the objects and purposes to be accomplished. *Hoffmeister v. McIntosh*, Wyo., 361 P.2d 678, 679, rehearing denied 364 P.2d 823. The words and phrases used shall be taken in their ordinary sense, § 8–18, W.S.1957, and when a word has a well-settled meaning in the law at the time of usage it will be so understood unless a different meaning is unmistakably intended. *Farmers Automobile Inter-Insurance Exchange v. MacDonald*, 59 Wyo. 352, 140 P.2d 905, 913; *In re Dragoni*, 53 Wyo. 143, 79 P.2d 465, 466–467. . . ."

With these thoughts in mind, we proceed to determine the meaning of § 21.1–152(g), supra. The word "teacher" is defined in

several other places in the statutes, but given the wide variety of purposes for the statutes wherein it is defined, these definitions are of little assistance. §§ 21.1–228 and 9–295(a)(iv), W.S.1957, 1975 Cum.Supp. In addition, teachers and superintendents are referred to in numerous sections dealing with education: § 21.1–26(b)(i) [salary categories]; § 21.1–27(f) [hiring and salary categories]; § 21.1–172 [fringe benefits categories]; and § 21.1–175 [constitution test requirements]. Other sections will be referred to as we seek a resolution of the problem at hand. Section 21.1–174, W.S. 1957, 1975 Cum.Supp., states that no person shall "teach or supervise" in public schools and receive compensation therefor unless he is certified.[6] This could easily end our inquiry, since the definition of "teacher" in the tenure law refers to "any certified professional employees." *McNely v. Board of Education*, supra. Were it not for other inconsistencies in the statutes we would stop here. The inconsistencies of which we speak are found in the Wyoming Teacher Employment Law itself. Section 21.1–152(b) defines a "continuing contract teacher" as:

"(i) Any initial contract teacher who has been employed by the same school district in the State of Wyoming for a period of three consecutive school years, and has had his contract renewed for a fourth consecutive school year; or

"(ii) A teacher who has achieved continuing contract status in one district, and who without lapse of time has *taught* two consecutive school years and has had his contract renewed for a third consecutive school year by the employing school district." [Emphasis supplied]

The reference in this section to the normally-conceived function of *teaching*, as opposed to *supervising*, is unmistakable. Furthermore, § 21.1–152(f), defines "suspension" as "[t]he removal of a teacher from the *classroom* during the school year with-

---

**6.** Section 21.1–14(c), W.S.1957, 1975 Cum. Supp., sets forth the following qualifications for certification:

"(i) For teachers: a degree from an accredited college or university.

"(ii) For administrators: qualification as a teacher, as provided in the preceding subsection plus appropriate experience as such teacher and additional training in educational administration."

out termination of salary." [Emphasis supplied] Again, the common meaning of teacher is present. In addition, if we were to find that superintendents were teachers for purposes of applying the Wyoming Teacher Employment Law, we would find ourselves placed in the incongruous position of saying that upon notice and hearing a school board can remove a superintendent from a classroom where the headquarters of his activities are not presently located and from which he is not pursuing, and perhaps never has pursued, the teaching profession.

Finally, § 21.1–163, W.S.1957, 1975 Cum. Supp., states:

"The provisions of this article shall apply to all teachers *who are teaching* in Wyoming on the effective date hereof; provided, however, the status of teachers covered under this act [§§ 21.1–1 to 21.1–289] will be determined by their original date of employment as a teacher in the State of Wyoming." [Emphasis supplied]

Even the applicability provision of the act refers to the function of teaching, not supervising. This separation of functions is emphasized by the certification provisions, § 21.1–14(c), supra, which clearly distinguish the qualifications for teaching and administrating, even though one must be a teacher to be an administrator.

Seyfang refers the court to § 21.1–27(f), supra, which provides that the board of trustees in a school district may "[e]mploy a superintendent of schools, teachers, principals, *other certified professional employees,* and other personnel; . . ." [Emphasis supplied] Certainly it would seem that superintendents are considered "certified professional employees" for hiring purposes. So it should be, since they could not be employed by a school district, as superintendents, without being certified. § 21.1–174, supra. This does not mean, however, that superintendents are teachers for tenure purposes. We have often cited *Endi-*

cott v. Van Petten, D.C.Kan., 330 F.Supp. 878, 882, for the proposition that

". . . [t]he very purpose of tenure and continuing contract laws is to give recognition to a constitutional protectible interest. This type of statute gives teachers a certain degree of security in their positions and guarantees *freedom to teach* by protecting them from removal on unfounded charges . . . ." [Emphasis supplied]

*Powell v. Board of Trustees, Crook County School District No. 1,* Wyo., 550 P.2d 1112, 1116; *Board of Trustees, Laramie County School District No. 1 v. Spiegel,* Wyo., 549 P.2d 1161, 1170; and *Roush v. Sweetwater County School District No. 1,* Wyo., 497 P.2d 540, 542. When the Wyoming legislature passed the Wyoming Teacher Employment Law it took a giant step toward protecting the constitutional interests of teachers. Compare, § 21–270(3), W.S.1957.[7] We are hesitant to extend this protection without a clear legislative direction to do so. This is not to say that superintendents do not have constitutionally-protected interests in liberty and property. See *Roth v. Board of Regents of State Colleges,* (W.D.Wis. 1970), 310 F.Supp. 972, aff'd. 446 F.2d 806, 7 Cir. 1971, reversed on other grounds 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548. Seyfang, however, did not assert a deprivation of these interests as the basis for the hearing which was held. He and the Board proceeded on the assumption that the Wyoming Teacher Employment Law gave him a right to notice and a hearing on the recommendation of termination.

Seyfang also makes reference to a Wyoming Attorney General's opinion, dated March 5, 1970, and an unpublished order entered by the Federal District Court for Wyoming. Opinion 6, Attorney General Opinions, Wyoming, 1970; and *Hammons v. Fremont County School District No. 24,* Civil No. 5928 (D.Wyo.1974). Both opinions conclude that superintendents are teachers

7. Section 21–270(3), W.S.1957 (repealed 1969), provided that the standard form of employment contract for the use of school districts shall make provision:

"That no promise or guarantee of any right of tenure in employment or office shall be implied."

for the purposes of Wyoming's tenure law. In *School Districts Nos. 2, 3, 6, 9, and 10 v. Cook*, supra, we stated:

".  .  . [W]e agree, of course, that opinions of the attorney general are entitled to weight, particularly when those opinions have been weathered by the passage of time. We have observed on several occasions that where the legislature has failed over a long period to make any change in a statute following its interpretation by the attorney general, it amounts to an acquiescence worthy of careful consideration in an inquiry into the intention of that body. *In re Sanders' Appeal*, 80 Wyo. 265, 341 P.2d 85, 89; *State ex rel. Peterson v. Ellsworth*, 59 Wyo. 288, 139 P. 744, 748; *In re Roby*, 54 Wyo. 439, 93 P.2d 940, 947. *Nevertheless, if we find cogent reasons for disagreement with the interpretation, we are duty bound so to declare.*" 424 P.2d 756. [Emphasis supplied]

While the legislature has had ample opportunity to react, we, nonetheless, find cogent reasons for disagreement with these opinions.

· █ It is our judgment that Superintendent Seyfang is not entitled, as a superintendent, to tenure under the Wyoming Teacher Employment Law and, therefore, was not a person aggrieved by the Board's decision thereunder. It follows that neither the Board nor the district court had any jurisdiction under the act to hear or decide his appeal from the Board's decision to recommend termination. No other basis was advanced which would meet the jurisdictional prerequisites. Being without jurisdiction to hear this appeal, neither the district court nor this court can reach its merits.

The district court's decision as to jurisdiction, appealed from by Seyfang in Case No. 4679, is affirmed. Appellant Seyfang's request for assessment of costs on appeal is denied.

The Board's appeal in Case No. 4680 from the remainder of the district court's decision is dismissed.