Leo FLOYD, Appellant,

v.

BOARD OF EDUCATION OF GREENUP COUNTY, H. J. Webb, Individually and as Superintendent of the Greenup County Schools; Richard Bentley, Elmer Stone, and Larry Tackett, Individually and as Members of the Board of Education of Greenup County, Appellees.

Court of Appeals of Kentucky.

Dec. 14, 1979.

Discretionary Review Denied
May 29, 1980.

Arthur L. Brooks, Jennifer B. Coffman, Lexington, for appellant.

Roger R. Cantrell, Armstrong, Cantrell & Hatfield, Greenup, for appellees.

Before GANT, HOWARD and WHITE, JJ.

HOWARD, Judge.

The appellant, Leo Floyd, was employed in the Greenup County Board of Education as an administrator from the 1966–67 school year through the 1974–75 school year, at which time he was appointed Superintendent of the Greenup County School System to serve the remaining term of the former superintendent. Upon the expiration of this term, on June 30, 1978, the appellant was not reappointed as superintendent. Instead, he was assigned to the position of a classroom teacher, thus incurring a substantial reduction in salary.

The appellant brought suit in Greenup Circuit Court, contending the action taken by the Board of Education was in retaliation to the appellant's exercise of his First Amendment rights by expressing his political views. Secondly, it is asserted the Board failed to follow the procedures required by K.R.S. 161.760 and 161.765 in demoting him to a teaching position and reducing his salary. K.R.S. 161.765(2) establishes procedures for the demotion of administrative personnel; K.R.S. 161.760 sets forth the standards required for the reduction in salary of a teacher. There is no dispute that the statutory procedures enumerated in both statutes were not followed by the Board of Education in failing to reappoint the appellant to the office of

superintendent, placing him in a teaching rather than administrative position, and in reducing his salary. The appellee states only that these statutes are not applicable to the appellant. As the appellant served as a superintendent, it is contended by the appellee that neither statute would afford him any protection. The appellant, on the other hand, maintains that since he gained tenure as an administrator prior to becoming superintendent, he is entitled to the protection of K.R.S. 161.765(2) before being demoted to a classroom teaching position, and further, under the provisions of K.R.S. 161.720, he remained a teacher, thus entitling him to the procedures required in K.R.S. 161.760. The trial court granted summary judgment on all issues in favor of the appellee.

The appellant correctly points out K.R.S. 161.162 prohibits discrimination against a teacher or employee of any district board of education due to political or religious opinion or affiliation. There was, however, no discrimination against the appellant under the terms of this statute; the appellant was neither demoted nor dismissed from the position of superintendent. The statute does not prevent the Board from failing to reappoint a superintendent once his contract has expired. With the office of superintendent being an appointed position, it is not inconceivable that political views and allegiances could be a consideration in the selection. This is not barred by K.R.S. 161.162 nor is it violative of the appellant's First Amendment rights.

The other two issues raised by the appellant are answered by the clear language of the statute. K.R.S. 161.720(8) defines the term "administrator" with the qualification: ". . . a certified employee, *below the rank of superintendent* . . . ." (Emphasis added). A superintendent therefore is not afforded the protection of K.R.S. 161.765 which deals exclusively with the procedure for demotion of administrative personnel. The same reasoning applies to the argument in regard to the reduction of salary. K.R.S. 161.720(1) defines the term "teacher" as "any person

for whom certification is required as a basis of employment in the public schools of the state *with the exception of the superintendent.*" (Emphasis added). The appellant obviously lost his status as a teacher once he obtained the position of superintendent. The appellant therefore cannot invoke the protection of K.R.S. 161.760. From the actual wording of the statute, it is clear the office of superintendent is outside the scope of these provisions of the Teacher Tenure Act.

For the aforementioned reasons, the judgment of the Greenup Circuit Court is affirmed.

All concur.