655 P.2d 1012

Victor B. ATENCIO, Plaintiff,

v.

BOARD OF EDUCATION OF PENASCO
INDEPENDENT SCHOOL DISTRICT
NO. 4, et al., Defendants.

No. 14502.

Supreme Court of New Mexico.

Nov. 22, 1982.

Rehearing Denied Dec. 13, 1982.

Steven L. Tucker, Jones, Gallegos, Snead & Wertheim, P.A., Santa Fe, for plaintiff.

C. Emery Cuddy, Jr., Simons, Cuddy & Friedman, Santa Fe, for defendants.

Vodene Patterson, President, Nat. Educ. Ass'n of New Mexico, William McGuen, N.M. State Bd. of Educ. Santa Fe, for amicus curiae.

## OPINION

FEDERICI, Justice.

This matter is before this Court through certification from the United States District Court for the District of New Mexico, Honorable Santiago Campos, District Judge, pursuant to Section 34–2–8, N.M.S.A.1978 (Repl.Pamp.1981). *Wells v. County of Valencia,* 98 N.M. 3, 644 P.2d 517 (1982); *Langham v. Beech Aircraft Corporation,* 88 N.M. 516, 543 P.2d 484 (1975). This is a case of first impression involving an interpretation of the Certified School Personnel Act, Sections 22–10–1 through 22–10–26, N.M.S.A.1978 (Cum.Supp.1982). The case of *Victor B. Atencio v. Board of Education of Penasco Independent School District, No. 4, et al,* No. CIV 79–658(C) is a lawsuit by a tenured teacher who became an administrator in the Penasco Independent School District and who was later refused reemployment as a teacher after he was discharged as Superintendent of that district. Mr. Atencio alleged that notwithstanding his employment and discharge as Superintendent he nonetheless retained teacher tenure rights in the school district. He further alleged that when the school district sought to deny him reemployment as a tenured teacher without providing him a hearing pursuant to Section 22–10–15, he was deprived of a property right without due process of law.

The question certified to this Court pursuant to Section 34–2–8 is:

Does a certified school instructor, who has previously acquired tenure rights as a certified school instructor with a public school district, lose those tenure rights as a result of being reemployed for the next consecutive school year as a certified school administrator?

The following stipulated facts were certified to this Court:

1. Plaintiff Victor B. Atencio (Atencio) was originally employed by the Board of Education of the Penasco Independent School District (the Board) as a certified school instructor in 1954.

2. Atencio was subsequently reemployed as a certified school instructor by consecutive one-year contracts until the 1958–1959 school year, at which time he acquired tenure rights as a certified school instructor with the school district.

3. Atencio continued to be reemployed by the Board as a certified school instructor for each consecutive school year through the 1973–1974 school year.

4. For the 1974–75 school year, and thereafter, Atencio was consecutively reemployed by the Board, as a certified school administrator and, as such, was required to spend more than one-half of his employment time in administrative functions.

5. At all material times, Atencio held certification from the State Board of Education as a certified school instructor and a certified school administrator.

It is our opinion that a certified school instructor, who has previously ac-

quired tenure rights as a certified school instructor with a public school district, loses those tenure rights as a result of being reemployed for the next consecutive school year as a certified school administrator.

There is a paucity of legal authority on this issue and there are no New Mexico court decisions that have addressed the precise issue presented here. We note that the Office of Attorney General of New Mexico issued a formal advisory opinion on this question. 68 Op. Att'y Gen. 17 (1968). Regarding the weight this Court will afford Attorney General opinions, we said in *First Thrift and Loan Association v. State,* 62 N.M. 61, 70, 304 P.2d 582, 588 (1956):

> We are not bound by them in any event, giving them such weight only as we deem they merit and no more. If we think them right, we follow and approve, and if convinced they are wrong, * * * we reject and decline to feel ourselves bound.

In this case, we decline to be bound by 68 Op. Att'y Gen. 17 (1968) and proceed to our independent analysis and results.

We observe initially that there is a sharp division of authority from other jurisdictions which have addressed the issue of whether a superintendent is also a teacher for tenure or other purposes. *See generally* Annot., 94 A.L.R.3d 141 (1979); 78 C.J.S. Schools and School Districts § 180(e)(2) (1952). A review of those authorities and the cases provided by counsel discloses that the reason for this division of authority lies in the differences in language of the various state teacher tenure acts, the legislative history of the various acts and the statutory construction that the courts have applied in interpreting those acts. We have found but few cases which have considered the narrow issue in this present case.

In *Floyd v. Board of Education of Greenup County,* 598 S.W.2d 460, 461 (Ky.Ct.App. 1979), the Kentucky Court of Appeals said that under the Kentucky Teacher Tenure Act a school superintendent "obviously lost his status as a teacher once he obtained the position of superintendent." Similarly, in *Seyfang v. Bd. of Trustees of Washakie, Etc.,* 563 P.2d 1376 (Wyo.1977), the Su-

preme Court of Wyoming held that a school superintendent, terminated from that position, was not thereafter entitled to tenure protection as a teacher within the meaning of the Wyoming Teacher Employment Law. *Compare Williams v. Board of Ed., Cass R–VIII Sch. Dist.,* 573 S.W.2d 81 (Mo.Ct. App.1978); *Board of Education v. Sand,* 227 Minn. 202, 34 N.W.2d 689 (1948); *Houtz v. School Dist. of Borough of Coraopolis,* 357 Pa. 621, 55 A.2d 375 (1947).

Since tenure is a creature of statute, it has been recognized that the cases from other jurisdictions are of little assistance to a court interpreting the tenure laws of its state. *Hudson v. Marshall,* 549 S.W.2d 147 (Mo.Ct.App.1977). Accordingly, in order to seek a resolution of the precise certified question in this case we must turn to a statutory interpretation of our Certified School Personnel Act. In New Mexico it is well settled that the purpose of the Certified School Personnel Act was to promote a sound public policy of retaining in the public school system teachers who have become increasingly valuable by reason of their experience. By statute these public servants are assured an indefinite tenure of position during satisfactory performance of their duties. *Hensley v. State Board of Education,* 71 N.M. 182, 376 P.2d 968 (1962); *Stapleton v. Huff,* 50 N.M. 208, 173 P.2d 612 (1946); *Ortega v. Otero,* 48 N.M. 588, 154 P.2d 252 (1944). Additionally, we have also had occasion to discuss the general rights of a school superintendent. *Cf. Vigil v. Barela,* 71 N.M. 213, 377 P.2d 515 (1962). *E.g. Atencio v. Bd. of Ed. of Penasco Ind. Sch. Dist.,* 658 F.2d 774 (10th Cir.1981).

Since the time the above cases were decided, the Legislature has enacted major changes to the Certified School Personnel Act. *See generally* N.M.Laws 1967, ch. 16. In particular, the Legislature amended the earlier Act relating to tenure by enacting certain exceptions, N.M.Laws of 1967, ch. 16, § 118, which is now codified as Section 22–10–16(B). It provides:

> Sections 22–10–12 through 22–10–15 NMSA 1978 do not apply to the following:
>
> \*  \*  \*  \*  \*  \*

B. *a certified school instructor who is also a certified school administrator and who is required to spend more than one-half of his employment time in administrative functions;* (Emphasis added.)

More recently the New Mexico Legislature amended Section 22–10–14, N.M.Laws of 1979, ch. 86, § 1, regarding teacher tenure rights, by adding the following paragraph:

B. *Retirement, discharge or a voluntary resignation accepted by the local school board or the governing authority of the state agency by a certified school instructor with tenure rights from a position with a school district or state agency shall extinguish all tenure rights of the certified school instructor upon the effective date of the retirement, discharge or resignation, or on the date of acceptance by the local school board or the governing authority of the state agency, whichever is earlier.* If a certified school instructor is subsequently employed by the school district or state agency, he may again earn tenure rights, but previous years of employment with the school district or state agency shall not be considered as years of service for the purpose of earning tenure rights. (Emphasis added.)

We believe it was the clear intention of the Legislature in amending the Certified School Personnel Act to separate the rights of a certified school administrator from those tenured rights afforded a certified school instructor. The statute shows a clear legislative intent to limit the rights of tenured certified school instructors when there has occurred "retirement, discharge or a voluntary resignation" from otherwise established tenure rights. Certified school instructors who are also certified school administrators and who spend more than half their employment time on administrative functions are the class of persons not covered by, nor are they within the scope of Sections 22–10–2 through 22–10–15. They are *excluded* from the coverage of those statutes.

■ A fundamental rule in statutory construction is that we must ascertain and give effect to the intention of the Legislature. *State v. Chavez,* 77 N.M. 79, 419 P.2d 456 (1966). We must also consider the language of the Act as a whole. *State v. Scarborough,* 78 N.M. 132, 429 P.2d 330 (1967). And we must also give a statute its literal reading if the words used are plain and unambiguous, provided such a construction would not lead to an injustice, absurdity or contradiction. *State v. Nance,* 77 N.M. 39, 419 P.2d 242 (1966), *cert. denied,* 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967).

We must presume that the Legislature, in enacting a new provision of the Certified School Personnel Act, or in enacting amended provisions thereof, intended to change the law as it had theretofore existed. *Bettini v. City of Las Cruces,* 82 N.M. 633, 485 P.2d 967 (1971). Construing the statutes in light of our case law, it appears abundantly clear that the Legislature intended that certified school instructors who thereafter became certified school administrators, and devoted more than one-half of their employment time in administrative functions, do not retain the pendent status of a certified school instructor with tenure rights. Mr. Atencio's decision to accept the position of superintendent beginning the school year 1974–75, necessarily implied his voluntary resignation of his position as a certified school instructor with tenure status.

■ We feel there was sufficient objective manifestation to show an abandonment of Mr. Atencio's position as a certified school instructor in order to accept another position as a certified school administrator. *Penman v. Board of Trustees, Etc.,* 94 Ill. App.3d 139, 49 Ill.Dec. 775, 418 N.E.2d 795 (1981). The voluntary action of Mr. Atencio to leave the position of a tenured teacher to accept the supervisory position of superintendent was a change in substance from the position of a certified school instructor to a position of supervision, management and policy. These are responsibilities not imposed upon nor compatible with the position of a certified school instructor. *Haskins v. State ex rel. Harrington,* 516 P.2d 1171 (Wyo.1973).

**172**

Section 22–10–13(B) and (C) established the ability of a tenured instructor wrongfully refused reemployment to be compensated for the period of such nonrenewal. Thus, in New Mexico the acquisition of tenure under the Certified School Personnel Act, which distinguishes such individuals, is the assurance that the individual will have the rights to notice, establishment of cause for nonrenewal, hearing and appeal at the time of the action to refuse reemployment is taken. It is in this context that the legislative exception contained in Section 22–10–16(B) must be viewed.

As we read and interpret Section 22–10–16(B), it creates an exception and relieves a local school board of the requirements of serving notice of reemployment or notice of nonrenewal or termination and conducting a hearing as to any individual who, at the time of the decision to terminate, is engaged in administrative functions for more than one-half of his time.

Atencio attacks this interpretation as effecting a forfeiture of previously acquired rights. On the contrary, we believe that it is a recognition by the Legislature that public school administrative staff occupy exempt positions to which the procedural protections of tenure do not apply. The rights attach to the position rather than to the individual. The Legislature within its sovereign authority granted to persons in administrative positions less job security than those who have remained in the class of persons known as certified school instructors and who are engaged in full-time teaching. *Ortega v. Otero, supra.*

An individual who voluntarily changes this teacher status must accept the consequences built into the system by the Legislature. There is no expectancy of continued employment for an administrator beyond the term of his contract. If that individual's contract is terminated, the termination is not from teaching duties. Yet, to recognize the individual as tenured at that time based upon a prior teaching position permits him to cloak himself in formerly acquired rights, which he has voluntarily abandoned, and to protect himself from the possible ultimate effect of his termination in his new position. *Narducci v. School District of City of Erie,* 4 Pa.Cmwlth. 202, 285 A.2d 888 (1971).

Mr. Atencio also contends that the procedural safeguards of the Fourteenth Amendment protect his substantive right as a tenured teacher because he has a vested property interest by virtue of his tenure. U.S. Const. amend. XIV § 1; *see also Board of Regents of Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Accordingly, if he is denied his tenure rights as a certified school instructor he submits that such a denial would constitute a forfeiture of a valuable property interest without a hearing, amounting to a violation of his due process rights as a certified school instructor. We disagree.

In *Roth,* 408 U.S. 569–70, 92 S.Ct. 2705, the United States Supreme Court held that:

> The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount. But the range of interests protected by procedural due process is not infinite.

In this case, Mr. Atencio reached the finite limit of his due process rights encompassed by the Fourteenth Amendment when he voluntarily forfeited his certified school instructor position to become a certified school administrator. Having done so, Mr. Atencio did not retain a property interest as a tenured certified school instructor entitled to protection by due process.

IT IS SO ORDERED.

PAYNE, C.J., and SOSA and RIORDAN, JJ., concur.