POTTER et al. (GRIGGS, Intervener) v. REESER MOTOR CO.

No. 21330. Opinion Filed Oct. 25, 1932.

Rehearing Denied Nov. 29, 1932.

Franklin H. Griggs (pro se), for intervener as plaintiff in error.

D. B. Crewson, for defendant in error.

KORNEGAY, J. This is a proceeding in error complaining of the action of the lower court in foreclosing a mortgage and appointing a receiver to collect the rent.

It appears that there was a mortgage upon a lot of ground in the city of Tulsa, and it was on the "East 35 ft. of lot 3, block 7, Highland second addition to Tulsa, Oklahoma." By apparently stenographic slip, it was described in the foreclosure decree as the west 35 feet, a receiver being appointed. Discovering the mistake, an effort was made to remedy it by a nunc pro tunc order, but evidently the parties became doubtful of the effect of this, and the judgment, by consent, was set aside and a new judgment entered foreclosing the mortgage and property describing the land.

In the meantime the defendants, undisclosed to the court, had given a quitclaim deed to a person by the name of Griggs, who in turn assigned it to her father, and an effort was made by the father to intervene on the second hearing, but the court denied the intervention. An effort was also made to get rid of the receiver that had been appointed, but this was denied also.

The case has been brought here, apparently, by the original defendants and the applicant for intervention, the grantee of the grantee. The case-made does not appear to be as complete as it might be, and some proceedings are recited in the brief of the defendant in error as having taken place that do not occur in the case-made. From what appears, it is merely the complaint of a person who got possession of the property pending the litigation, and who tried to make a deal with the mortgagee for its final purchase, and evidently failed, but got into possession through the medium of the defendants after the suit started. Clearly, plaintiff below was entitled to foreclose the mortgage. We see no reason why the receiver should not have been appointed to collect the rent, as it is very clear that there was not sufficient value in the property to pay the liens against it. Under section 156, O. S. 1931, it was within the discretion of the court to allow the party to whom the property had been deeded to be substituted, or the case could have been continued in the name of the original party, said section being as follows:

"An action does not abate by the death or other disability of a party, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In case of the death or other disability of the party, the court may allow the action to continue by or against his representative or successors in interest, upon such terms and in such time as may be just under the circumstances presented. In case of any other transfer of interests, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

Under sections 157 and 158, the court might have permitted the intervention, but did not see fit to do so. The party, being a purchaser "pendente lite," has very little ground of complaint if not permitted to intervene, and the cause proceeds in the name of the original defendants and holders.

Though the petition in error is signed both by the original defendants and the intervener, the original defendants have not seen fit to file a brief.

Finding no error in the proceedings of the lower court that are here complained of, the case is affirmed at the cost of the intervener, the plaintiff in error.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. McNEILL, J., disqualified.