731 P.2d 377

**Rudy T. GARCIA, Plaintiff-Appellee,**

v.

**SCHNEIDER, INC., Employer, and CNA Insurance Companies, Insurer, and Arizona Public Service Company, a Self-Insured Employer, Defendants-Appellants.**

No. 9517.

Court of Appeals of New Mexico.

Dec. 16, 1986.

Byron Caton, Tansey, Rosebrough, Roberts & Gerding, P.C., Farmington, for defendants-appellants.

Jay L. Faurot Jay L. Faurot, P.A., Farmington, for plaintiff-appellee.

Martin J. Chavez, Director of the Workmen's Compensation Admin., Albuquerque, amicus curiae, the Workmen's Compensation Admin.

William H. Carpenter, Carpenter Law Offices, Ltd., Albuquerque, amicus curiae, New Mexico Trial Lawyers' Ass'n.

## OPINION

BIVINS, Judge.

This appeal presents the question of whether NMSA 1978, Section 52–1–50 (Cum.Supp.1985) imposes a dollar limit on the cost of vocational rehabilitation services under the Workmen's Compensation Act. We hold it does not, thereby overruling, to the extent it conflicts, *Candelaria v. Hise Construction*, 98 N.M. 763, 652 P.2d 1214 (Ct.App.1981), *aff'd in part and modified in part*, 98 N.M. 759, 652 P.2d 1210 (1982). We also hold that, notwithstanding the absence of a dollar limit on vocational rehabilitation, reasonableness is the guideline.

Defendants appeal a worker's compensation judgment wherein the trial court awarded plaintiff vocational rehabilitation in the amount of $8,700.54. They also appeal from an order refusing to extend the time for appeal. Defendants' docketing statement raised three issues. We proposed summary affirmance on the first issue which challenged the sufficiency of the evidence that plaintiff required rehabilitation services. We also proposed summary affirmance on the second issue which

claimed the trial court exceeded its statutory authority in awarding rehabilitation costs in excess of $3,000. Finally, we proposed summary reversal on the third issue which challenged the trial court's order denying defendants an extension of time within which to appeal.

The parties have not filed memoranda in opposition to the proposed summary disposition and the time for doing so has expired. Accordingly, we entertain defendants' appeal and affirm the judgment for the reasons set out in our calendaring notice. Because disposition of issue number two requires overruling *Candelaria v. Hise Construction* to the extent it limits rehabilitation benefits to the statutory $3,000 amount, and since we do not have the benefit of briefs from the parties, we invited amici curiae to address the issue. NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.Rule 502 (Repl.Pamp.1983). We extended the invitation to the Director of the Workmen's Compensation Administration, the Superintendent of Insurance for the Subsequent Injury Fund, the New Mexico Trial Lawyers' Association and the New Mexico Defense Lawyers' Association. Only the Director and the Trial Lawyers' Association responded. Both agreed with our proposed disposition.

The facts are not disputed and, therefore, become the facts on appeal. *Varos v. Union Oil Co. of California*, 101 N.M. 713, 688 P.2d 31 (Ct.App.1984). While working as a boilermaker, plaintiff injured his ankle. He subsequently enrolled in the Cheyenne Aero Technician School in order to become an aircraft mechanic. The trial court made the following findings of fact:

12. That Plaintiff is in need of vocational rehabilitation services.

13. That Plaintiff has incurred the following reasonable and necessary expenses in the pursuit of rehabilitation to date:

| | |
|---|---|
| Tuition | $8,190.00 |
| Book and Tool Expenses | $ 510.54 |
| Total | $8,700.54 |

14. That Defendants should be ordered to pay all reasonable and necessary rehabilitation expenses incurred by Plaintiff including, but not limited to, tuition, books, tools and other learning aids.

15. In addition to any amounts Plaintiff incurred for tuition, books, tools and learning aids, Defendants should pay all reasonable and necessary expenses Plaintiff has incurred for his board, travel and lodging expenses and maintenance of his family during the period of rehabilitation, which expenses at the present time include moving expenses in the amount of $400.00 and travel expense in the amount of $264.00, which sum represents 6 miles per day for 200 days at 22 cents per mile. But, Defendants shall have no responsibility to pay incurred expenses exceeding the total amount of $3,000.00.

Defendants agreed to pay the $3,000 as set forth in Section 52–1–50; however, the trial court concluded that plaintiff's recovery for vocational rehabilitation expenses was not limited to $3,000. We agree.

In order to properly examine Section 52–1–50, it is helpful to separate the ideas conveyed. For convenience we have numbered each separate thought. So structured, Section 52–1–50 provides:

[1.] In addition to the medical and hospital services provided in Section 52–1–49 NMSA 1978, the employee shall be entitled to such vocational rehabilitation services, including retraining or job placement, as may be necessary to restore him to suitable employment where he is unable to return to his former job.

[2.] The court shall determine whether a disabled employee needs vocational rehabilitation services and shall cooperate with, and refer promptly all cases in need of such services to, the appropriate public or private agencies in this state or where necessary in any other state for such services.

[3.] An employee who, as a result of injury, is or may be expected to be totally or partially incapacitated for a remunerative occupation, and

who, under the discretion of the court, is being rendered fit to engage in a remunerative occupation, may, under regulations adopted by it, receive *such additional compensation* as may, in the discretion of the court, be deemed necessary for his board, lodging, travel and other expenses and for the maintenance of his family during the period of rehabilitation; *however, such additional compensation shall not exceed three thousand dollars ($3,000).* Such maintenance and other expense shall be paid by the employer in addition to compensation allowed under other sections of the Workmen's Compensation Act [52-1-1 to 52-1-69 NMSA 1978]. [Emphasis added.]

[4.] The refusal of the employee to avail himself for rehabilitation under the provisions of this act [this section] shall not result in any forfeiture or diminution of any award made pursuant to the Workmen's Compensation Act of the state of New Mexico.

With the section before us, it is clear that No. 1 gives the authority to provide rehabilitation services, in addition to medical services, to retrain the worker when he is unable to return to his former job; No. 2 deals with needs assessment and referral; No. 3 authorizes the trial court to award, as additional compensation, sums for "board, lodging, travel and other expenses and for the maintenance of [the worker's] family during the period of rehabilitation," subject to a limitation of $3,000; and No. 4 covers the effect of a refusal by the worker to accept rehabilitation.

The question then is whether the limitation of $3,000 applies to all of the vocational rehabilitation services or only to the special expenses of board, lodging, travel, etc., incurred during rehabilitation. We hold the monetary limitation applies only to the special expenses.

Statutes must be read according to their grammatical sense. *In re Forfeiture of 1982 Ford Bronco,* 100 N.M. 577, 673 P.2d 1310 (1983); *Aetna Finance Co. v. Gutierrez,* 96 N.M. 538, 632 P.2d 1176 (1981). Under the doctrine of the "last antecedent," relative and qualifying words, phrases, and clauses are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or indicating others more remote. *In re Goldsworthy's Estate,* 45 N.M. 406, 115 P.2d 627 (1941); *see also In re Forfeiture of 1982 Ford Bronco.*

Applying that doctrine to our case, the restrictive phrase that contains the $3,000 limitation applies to "board, lodging, travel and other expenses and for the maintenance of [the worker's] family during the period of rehabilitation. ..." Those words immediately precede the restrictive phrase. To apply the restrictive phrase to all rehabilitative services, we would have to refer to the more remote first sentence under No. 1. Doing so would change the grammatical sense and the plain, unambiguous meaning of the language of the statute.

> If the words used are unambiguous, and the pertinent sections read together do not create an ambiguity or an absurd result, this Court will not construe a statute to mean something other than what it plainly says. *See Atencio [v. Board of Education of Penasco Independent School District No. 4,* 99 N.M. 168, 655 P.2d 1012 (1982)]; *Methola v. County of Eddy,* 95 N.M. 329, 622 P.2d 234 (1980); and *State v. Ortega,* 77 N.M. 312, 422 P.2d 353 (1966).

*Ashbaugh v. Williams,* — N.M. —, —, — P.2d —, —, 25 SBB 825, 827 (Ct.App.1986).

Thus, we hold that the $3,000 limitation applies to the "additional compensation" and not to vocational rehabilitation services. In reaching this result we have not overlooked the fact that the legislature has met on several occasions since *Candelaria v. Hise Construction* without amending

the statute.[1] While a number of decisions have held that legislative inaction following a judicial interpretation of a statute affords some evidence that the legislature intends to adopt the interpretation, "[l]egislative inaction has been called a 'weak reed upon which to lean' and a 'poor beacon to follow' in construing a statute." 2A *Sutherland Statutory Construction* § 49.10 (Sands 4th ed. 1984). While judicial interpretation of a statute, acquiesced in by the interested parties, may form a basis for an inference of approval, "courts are properly chary of equating mere inaction with approval, in the absence of a solid foundation for the inference of conscious ratification." *Duncan v. Railroad Retirement Board*, 375 F.2d 915, 919 (4th Cir.1967).

Furthermore, the courts have recognized that the doctrine ought not come into play where more direct aids at statutory construction are available. As noted by our supreme court in *State ex rel. Lee v. Hartman*, 69 N.M. 419, 427, 367 P.2d 918, 923 (1961), legislative interpretation by acquiescence "is to be resorted to only where meaning is doubtful * * * and when direct methods of interpretation have failed." (Citations omitted.) Here, the plain meaning of Section 52-1-50 is not open to doubt and direct methods of interpretation have not failed.

■ Having concluded that Section 52-1-50 does not impose a dollar limit on the cost of vocational rehabilitation, we must answer the question of whether there is *any* limitation on the amount which may be expended for that benefit. While application of the plain meaning doctrine renders it unnecessary to resort to principles of statutory construction in deciding that Section 52-1-50 imposes no dollar limitation on the cost of vocational rehabilitation services, use of other statutory construction principles is helpful in deciding if there is any limitation at all. *See Vaughn v. United Nuclear Corp.*, 98 N.M. 481, 650 P.2d 3 (Ct.App.1982).

It is a rule of universal application in statutory construction that all parts of an act relating to the same subject matter are to be construed together. *Kendrick v. Gackle Drilling Co.*, 71 N.M. 113, 376 P.2d 176 (1962). The introductory clause of No. 1 states, "In addition to the medical and hospital services provided in Section 52-1-49 NMSA 1978, the employee shall be entitled to such vocational rehabilitation services. ..." NMSA 1978, Section 52-1-49(A) requires the employer to furnish all "reasonable" medical and hospital services. When Sections 52-1-49(A) and -50 are read together, as required by the rules of statutory construction and the introductory clause to No. 1, two things become clear. First, there is a limit on the amount that may be spent for vocational rehabilitation services. The amount that may be expended for rehabilitation must be reasonable, just as the amount that may be expended for medical and hospital services must be reasonable. Second, the employer is responsible for that expense. No. 3 of Section 52-1-50 makes the employer responsible for "such maintenance and other expense" up to the $3,000 limit. Sections 52-1-49 and -50, when read together, limit the employer's obligation for both medical and vocational rehabilitation services to what is reasonable.

In construing a statute, courts must do so with the ultimate purpose of giving effect to the intent of accomplishing the ends sought by the legislature. *Wells v. County of Valencia*, 98 N.M. 3, 644 P.2d 517 (1982); *C. de Baca v. Baca*, 73 N.M. 387, 388 P.2d 392 (1964). One of the purposes of the Workmen's Compensation Act is to assist injured workers by restoring them to suitable employment where they are unable, by reason of an accidental injury, to return to their former jobs. The purpose of the Act is not to turn every injury into a disability. In fact, a determination of disability cannot be properly assessed, except in the obvious cases, until the injured worker, unable to return to his or her former job, has been afforded the benefit of voca-

---

1. The legislature did amend Section 52-1-50 in 1986, 1986 N.M.Laws, ch. 22, § 16, but only to substitute "hearing officer" for "court" and to make minor stylistic changes.

tional rehabilitation. *See National Tea Co. v. Industrial Commission*, 97 Ill.2d 424, 73 Ill.Dec. 575, 454 N.E.2d 672 (1983). A court-imposed limit of $3,000 on vocational rehabilitation can only serve to hamper the legislative purpose of restoring injured workers to suitable employment.

The legislature has previously restricted medical expense to a dollar amount, but by 1977 N.M.Laws, ch. 275, § 3, deleted that limit. The legislature has not seen fit to impose a dollar limit on vocational rehabilitation, except that it must be reasonable, and the courts should not intervene on its own by imposing a dollar limit.

Thus, *Candelaria v. Hise Construction* was incorrectly decided and to the extent it conflicts with our holding today, it is overruled. We observe that the supreme court, in affirming *Candelaria v. Hise Construction* in part and modifying it in part, did not address the issue before us. The clear language of Section 52–1–50 does not limit actual rehabilitation services to $3,000, only the "additional compensation" discussed above. The limit for actual rehabilitation services is one of reasonableness to be applied by the trial courts and the Workmen's Compensation Administration. For a good discussion on this subject, see *National Tea Co. v. Industrial Commission*.

The judgment is affirmed. We wish to express our appreciation to amici for their assistance in briefing the issue.

IT IS SO ORDERED.

DONNELLY and FRUMAN, JJ., concur.