753 P.2d 1323

**Anacleto CASTILLO, Plaintiff–Appellee,**

v.

**Mike WEATHERLY, Wilma Weatherly, and Michael G. Weatherly, d/b/a Buena Vista Dairy, Employer, Defendants–Appellants.**

**No. 10199.**

Court of Appeals of New Mexico.

April 7, 1988.

John A. Klecan, Butt, Thornton & Baehr, P.C., Albuquerque, for defendants-appellants.

Bruce P. Moore, Albuquerque, for plaintiff-appellee.

## OPINION

DONNELLY, Chief Judge.

Defendants Mike Weatherly, Wilma Weatherly, and Michael G. Weatherly, d/b/a Buena Vista Dairy, appeal from a judgment of the district court awarding plaintiff worker's compensation benefits and attorney fees. Defendants' docketing statement raised a total of eight issues. These were addressed in this court's calendar notice filed October 28, 1987, which proposed affirmance. Defendants filed a timely memorandum in opposition to that proposal, and plaintiff filed a timely memorandum in support thereof. We affirm the judgment of the trial court.

On the merits, defendants' memorandum in opposition to summary affirmance addresses two issues: (1) the requirement for termination of elective coverage pursuant to NMSA 1978, Section 52–1–13 (Repl. Pamp.1987), and (2) the effect on the statute of limitations created by inconsistent findings as to the date of disability. The remaining issues are deemed abandoned. See State v. Sisneros, 98 N.M. 201, 647 P.2d 403 (1982) (party opposing summary disposition must specifically point out errors in fact and law); State v. Martinez, 97 N.M. 585, 642 P.2d 188 (Ct.App.1982) (issues not argued in memorandum in opposition are deemed abandoned).

We first address a procedural point. Following our proposal of summary affirmance as set forth in the first calendar notice, we issued a second calendar notice proposing to limit our opinion in this matter to defendant Mike Weatherly, because the caption and text of the trial court's judgment referred only to that defendant. See SCRA 1986, 1–054(C)(2). Plaintiff responded with a timely memorandum in opposition to the second calendar notice, in which he argued that the proper interpretation of the judgment below is that it applies to all three Weatherlys named in the original complaint. We are not persuaded. Our second calendar notice granted leave pursuant to SCRA 1986, 1–060(A), for the trial court to file a corrected judgment and no amended judgment was timely filed. Moreover, the docketing statement filed herein recites that "[plaintiff] was an employee of Mike Weatherly, d/b/a Buena Vista Dairy near Las Cruces." Although plaintiff filed a notice to strike the docketing statement, the motion was denied because it failed in any manner to set forth with detail the specific deficiencies alleged. Accordingly, we limit this opinion to defendant Mike Weatherly (Weatherly).

## I. FACTS

Plaintiff was injured in an on-the-job accident when he fell from a haystack at the Buena Vista Dairy (employer) in January 1985. Plaintiff filed a complaint on November 5, 1985, alleging an accidental injury occurring on or about January 6, 1985. Plaintiff amended his complaint to include an allegation concerning a second incident on or about March 14, 1985. The trial court entered inconsistent findings with respect to the date of onset of disability, one finding indicating disability first occurring in January 1985, the other indicating disability first occurring in March 1985. As to the date of compensable injury, however, the trial court found only one date of injury —January 1985.

Employer is a dairy, and therefore not required to participate as an insured employer. See NMSA 1978, § 52–1–6(A) (Repl.Pamp.1987); Varela v. Mounho, 92 N.M. 147, 584 P.2d 194 (Ct.App.1978). In

this case, however, employer elected coverage, purchased insurance, and informed its employees, including plaintiff, of the coverage. The trial court found that employer elected to be covered by the Workers' Compensation Act by filing with the superintendent of insurance, and that this was refiled on June 14, 1984 certifying coverage from May 12, 1984 to May 12, 1985. Employer later permitted the insurance policy to lapse, and it is uncontested that no notice, verbal or written, was given to the superintendent of insurance of the employer's election to terminate coverage. Although no written notice of termination of coverage was given to the employees, employer alleges that verbal notice was given.

## II. TERMINATION OF COVERAGE

■ The first calendar notice proposed affirmance of the trial court's finding that employer failed to comply with the statutory requirements for termination of elective coverage under Section 52–1–13. In the memorandum in opposition, employer argues that the language contained in this section, permitting the termination of an agreement between an employer and employee upon giving thirty days notice to the other in writing, has no application under the current version of the Workers' Compensation Act (Act). *See* NMSA 1978, §§ 52–1–1 to –70 (Repl.Pamp.1987). Employer contends that the continuation of the provision for termination by written notice is a legislative oversight, based upon the earlier versions of the Act which provided for elective participation. We disagree.

Where the language of a statute is clear and unambiguous, there is no room for statutory construction, and the statute must be given effect as it is written. *State v. Elliott*, 89 N.M. 756, 557 P.2d 1105 (1977); *State v. McHorse*, 85 N.M. 753, 517 P.2d 75 (Ct.App.1973). We find that the language in Section 52–1–13 is plain and unambiguous in requiring that termination be accompanied by written notice and, accordingly, the statutory language must be

given effect. *See Gonzales v. Oil, Chemical & Atomic Workers Int'l Union*, 77 N.M. 61, 419 P.2d 257 (1966). Any change in the statute is a matter for the state legislature and not for the courts. *See Perea v. Baca*, 94 N.M. 624, 614 P.2d 541 (1980).

Employer also argues that because the Act does not set forth a formal procedure for terminating coverage, an electively-covered employer need only let its insurance policy lapse. This proposed interpretation, however, contemplates no notice to the employee. Hence, an employee who was informed, as in this case, that his employer has elected coverage under the Act, might later find, without prior notice, that the coverage has been discontinued and no longer exists.

Interpreting Section 52–1–13 in the manner urged by employer departs from the plain, unambiguous meaning of the language of the statute and would lead to unjust results. *See Garcia v. Schneider, Inc.*, 105 N.M. 234, 731 P.2d 377 (Ct.App. 1986). We therefore hold that Section 52–1–3 requires an employer covered under the Act, through its elective rather than its mandatory provision, who wishes to terminate worker's compensation insurance coverage, give thirty days prior written notice of intent to discontinue coverage to both its employees and the superintendent of insurance. *See also* § 52–1–6(B) (employer electing to be subject to the Workers' Compensation Act must file a *written* statement in the office of the superintendent of insurance declaring that the employer accepts the provisions of the Act). Accordingly, the mere lapse of the insurance policy and oral notice of termination are insufficient to terminate an employer's liability for elective coverage.

## III. STATUTE OF LIMITATIONS

■ Employer also contends that plaintiff's claim is barred by the statute of limitations contained in Section 52–1–31(A), because his amended complaint alleges a second compensable accident occurring on

March 14, 1985. The amended complaint was filed January 6, 1987. The trial court entered inconsistent findings of fact regarding the date of plaintiff's disability, but entered only one finding regarding the date of injury. That finding indicates a work-related injury which occurred in January 1985. There is no contention that the complaint was not timely filed with respect to the January injury.

The reviewing court must reconcile, if possible, seeming inconsistencies in the trial court's determination in order to avoid what may be challenged as contradictory. *City of Raton v. Vermejo Conservancy Dist.*, 101 N.M. 95, 678 P.2d 1170 (1984). If a conclusion conflicts with or does not follow a finding of fact made by the trial court, the appellate court will apply the proper conclusion of law. *Id.* Here, although the trial court entered findings stating that plaintiff was totally disabled from January 3, 1985 and from March 14, 1985, it entered consistent findings and conclusions as to the date of accidental injury on January 3, 1985. Thus, we do not read the amended complaint as alleging a second, compensable accidental injury on March 14, 1985, but rather as an assertion of addition-

al disability from that date, with the original occurrence of accidental injury on January 3, 1985. Reading together the findings and conclusions as to the time of compensable injury, we hold that plaintiff's claim is not barred by the statute of limitations under Section 52–1–31(A).

## IV. CONCLUSION

For the reasons stated herein and in the calendar notice, the trial court is affirmed. Plaintiff is awarded $1,250 for the services of his attorney on appeal.

IT IS SO ORDERED.

MINZNER and GARCIA, JJ., concur.