808 P.2d 970

Luis NEVAREZ, Plaintiff–Appellee,

v.

**NEW MEXICO DRILLING AND EXPLO-
RATION, INC. and Rockwood Insur-
ance Company, Defendants–Appellants.**

No. 12286.

Court of Appeals of New Mexico.

Feb. 7, 1991.

Certiorari Denied March 20, 1991.

Daniel J. O'Friel, Linda Martinez–Palm-
er, Law Offices of Daniel J. O'Friel, Ltd.,
Santa Fe, for plaintiff-appellee.

Cindy L. Hildebrand, Farmington, for de-
fendant-appellant New Mexico Drilling &
Exploration.

Vernon W. Salvador, Albuquerque, for
defendant-appellant Rockwood Ins. Co.

OPINION

CHAVEZ, Judge.

New Mexico Drilling and Exploration's
(employer) insurer, Rockwood Insurance
Company (Rockwood), appeals a judgment
determining it failed to cancel its policy
with employer and holding it liable for total
disability benefits awarded to worker. We
determine the cancellation was effective
and Rockwood is not liable for any compen-
sation awarded to worker. Because Rock-
wood is not liable for the benefits awarded
and employer did not appeal the judgment,
we need not reach Rockwood's issue con-
cerning the evidence supporting the deter-
mination of total disability.

Rockwood had issued a workers' compen-
sation insurance policy to employer for the
period from April 25, 1985 to April 25,
1986. Employer was listed as the named
insured. Another company was named as
the certificate holder. Employer filed a
certificate with the Superintendent of In-
surance stating Rockwood was providing
insurance. *See* NMSA 1978, § 52–1–4
(Cum.Supp.1985). On January 28, 1986,
Rockwood mailed a notice of cancellation of

the policy to employer for nonpayment of premiums. The cancellation became effective on February 10, 1986. It is undisputed that no notice of cancellation was given to the certificate holder, the Superintendent of Insurance, or employer's employees. Worker was injured on March 10, 1986.

At the time of the accident, an insurer was required to send written notice of cancellation to the named insured for nonpayment of premiums. NMSA 1978, § 59A–18–29(A) (Orig.Pamp.1984). The latter statute provides:

> An insurer or agent may at any time cancel a policy for nonpayment of premium thereon when due, whether the premium is payable directly to the insurer or agent or indirectly under any premium financing plan or extension of credit. The insurer or agent shall give the named insured written notice of such cancellation not less than ten (10) days prior to the effective date of the cancellation.

The parties do not dispute that Rockwood mailed written notice of the cancellation to employer as the named insured. There was no statutory provision requiring the insurer to give notice of cancellation to the Superintendent of Insurance or any other third party. *Compare* § 52–1–4 (Cum. Supp.1985) *with* NMSA 1978, § 52–1–4(E) (Cum.Supp.1989) (amendment requires insurer to file a certificate of cancellation with the director of the Workers' Compensation Division within ten days of cancellation). *Cf. Castillo v. Weatherly,* 107 N.M. 135, 753 P.2d 1323 (Ct.App.1988) (statutes require *employer* who elects coverage to give employees and, in dicta, the Superintendent of Insurance notice of cancellation).

■ Worker asserts the cancellation was ineffective because it was not sent to the certificate holder as required by the certificate of insurance for cancellation. He cites no authority for this proposition, and we need not consider it. *See In re Adoption of Doe,* 100 N.M. 764, 676 P.2d 1329 (1984). Nevertheless, we note that the cancellation clause in the certificate of insurance states:

> Should any of the above described policies be cancelled before the expiration date thereof, the issuing company *will endeavor* to mail 10 days written notice to the below named certificate holder, *but failure to mail such notice shall impose no obligation or liability of any kind upon the company.* [Emphasis added.]

By its own terms, this clause does not require Rockwood to notify the certificate holder prior to an effective cancellation of the policy. *Cf. Cloutier v. General Ship Contracting Co.,* 19 A.D.2d 442, 243 N.Y. S.2d 947 (1963) (carrier made unconditional promise to Department of Public Works to give notice of cancellation). We also note the district court based Rockwood's liability on the failure to notify the state rather than a failure to notify the certificate holder.

■ Worker also asserts that Rockwood's policy must be filed with the Superintendent of Insurance under NMSA 1978, Section 59A–18–12 (Orig.Pamp.1984). This statute provides that a copy of the form and classification of risks be filed with the Superintendent of Insurance so he or she may approve the forms and rates. Nothing in the statute relates to cancellation. We find this statutory provision inapposite to the issue raised. Although worker cites NMSA 1978, Sections 59A–33–1 through –13 (Orig.Pamp.1984), these provisions are also inapposite since they relate to the workers' compensation assigned risk pool and are designed to provide insurance for those who could not otherwise procure it. Moreover, even insurance coverage provided under assigned risk provisions is subject to cancellation for nonpayment of premiums.

■ Worker also argues the public policy of the Workers' Compensation Act favors finding Rockwood liable. While we recognize that insurance has become an integral component of any workers' compensation scheme, we are not persuaded that this reality or the liberal construction of the former Workers' Compensation Act required an insurer to file a notice of cancellation with the Superintendent of Insur-

ance in the absence of a statute specifically stating this requirement. *See generally Hicks v. Artesia Alfalfa Growers' Ass'n,* 66 N.M. 165, 344 P.2d 475 (1959) (liberal construction of act does not mean enlarging legislative intent). *See also* 4 A. Larson, *The Law of Workmen's Compensation* § 92.00 (1990) (many *statutes* preclude a policy from being cancelled by the actions of the insurer or employer alone).

Construing and applying the only statute explicitly stating the insurer's obligations in cancelling a policy, we determine Rockwood satisfied the statutory requirements in this case. *See* § 59A–18–29(A); 4 A. Larson, *supra,* § 92.31. We will not read additional requirements into the statutory scheme. *See Hicks v. Artesia Alfalfa Growers' Ass'n; Chevron Oil Co. v. Industrial Comm'n,* 169 Colo. 336, 456 P.2d 735 (1969) (absent statutory requirement, cancellation was effective despite failure to comply with agency regulation requiring notice of cancellation to state agency); *Johnson v. Firemen's Ins. Co. of Newark, N.J.,* 398 S.W.2d 318 (Tex.Civ.App.1965) (same); 4 A. Larson, *supra,* § 92.32.

 Worker also argues he was entitled to notice as a third party beneficiary. *See Points v. Wills,* 44 N.M. 31, 97 P.2d 374 (1939). Even assuming worker stands in the position of a third party beneficiary, we are not persuaded that worker is therefore entitled to notice. The court in *Points* determined that a worker could not be deprived of benefits under an insurance policy because of mistakes made by the employer. At issue was the validity of the insurance contract based on the employer's failure to disclose information. The court reversed the dismissal of the worker's claim against his employer and the insurer. The court in *Points* was not concerned with an attempt to cancel a policy under the Workers' Compensation Act.

We recognize that an employee's right to compensation from an insurer may differ from the employer's right and that an insurer may not use all the defenses available against an employer to deny liability to the employee, and nonpayment of premium does not, by itself, necessarily relieve the insurer of liability. *See* 4 A. Larson, *supra,* §§ 92.21 to –.22. In the present case, however, the facts are not limited to a failure to pay the premium. Rockwood acted on employer's failure to pay by sending it a notice of cancellation as required by statute. We are not persuaded by any of worker's authorities that Rockwood was required to do more under the law in effect at the time in order to effectively cancel the policy.

In the absence of any statutory authority or contractual provision requiring Rockwood to give notice of cancellation to the Superintendent of Insurance or employer's employees, we determine the cancellation was effective to relieve Rockwood of liability.

The judgment is reversed with respect to Rockwood's liability.

IT IS SO ORDERED.

DONNELLY and HARTZ, JJ., concur.