This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CARIDAD HERNANDEZ,**

      Worker-Appellant,

v.                                                                 **NO. 30,777**

**SEARS HOLDING CORPORATION**
**and SEDGWICK CMS,**

      Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Greigo, Workers' Compensation Judge**

Caridad Hernandez
Albuquerque, NM

Pro Se Appellant

Butt Thornton & Baehr, PC
Emily A. Franke
Glenna C. Hayes
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Caridad Hernandez (Worker) appeals from a compensation order by which her claim for benefits was denied. We issued a notice of proposed summary disposition,

proposing to uphold the underlying decision. Worker has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

As we described in the notice of proposed summary disposition, the docketing statement appeared to contain five issues. In her memorandum in opposition, Worker has narrowed these to two issues. [MIO 4-5] We will limit our discussion accordingly. *See Castillo v. Weatherly*, 107 N.M. 135, 136, 753 P.2d 1323, 1324 (Ct. App. 1988) (addressing only the two issues advanced in the memorandum in opposition, and observing that all other issues initially asserted but not renewed were deemed abandoned).

First, Worker renews her challenge to the determination of the Workers' Compensation Judge (WCJ) that she abandoned her employment, [MIO 4] contending that she only left her job because she was improperly being required to perform tasks which conflicted with the restrictions which had been imposed by her treating physicians. [MIO 4]

Below, the WCJ expressly found that Worker was offered employment within her physical limitations, but elected to abandon her employment. [RP 105] By all appearances, the WCJ's determinations were based on credibility assessments. [RP106] As we previously explained, this Court cannot re-weigh the evidence or second-guess the credibility determinations of the WCJ. *See generally Sanchez v.*

*Homestake Mining Co.*, 102 N.M. 473, 476, 697 P.2d 156, 159 (Ct. App. 1985) ("It is for the trier of fact to weigh the testimony, determine the credibility of the witnesses, reconcile inconsistent statements of the witnesses, and determine where the truth lies."); *Marez v. Kerr-McGee Nuclear Corp.*, 93 N.M. 9, 11, 595 P.2d 1204, 1206 (Ct. App. 1978) (stating that in workers' compensation cases "[w]e will not weigh the evidence or determine the credibility of witnesses . . . [because the] trier of facts is the sole judge of the credibility of witnesses and the weight to be given their testimony" (citations omitted)). As a result, we conclude that Worker's first argument presents no basis for reversal.

Second, Worker contends that she was not given an opportunity to explain her situation. She argues that she has not received adequate treatment or compensation for her injuries, and in this regard, she suggests that Employer/Insurer has engaged in deliberate misconduct. [MIO 4-5]

Worker's argument might be construed as a procedural challenge. *See generally Madrid v. St. Joseph Hosp.*, 1996-NMSC-064, ¶ 25, 122 N.M. 524, 928 P.2d 250 (observing that "[p]rocedural due process requires . . . notice and an opportunity to be heard"). To the extent that this is an accurate characterization of Worker's argument, we perceive no impropriety. Neither the record proper nor Worker's submissions to this Court reflect that Worker was denied the opportunity to

be heard. By all appearances, Worker participated in a full hearing with fair procedures. The WCJ considered such admissible evidence as Worker offered, as well as her arguments. Under such circumstances, "[w]e are at a loss to understand how much more process [Worker] feels [she was] due." *Schmitz v. Smentowski*, 109 N.M. 386, 392, 785 P.2d 726, 732 (1990).

Alternatively, Worker's argument might be construed as a challenge to the WCJ's ultimate evaluation of the merits. However, the fact that the WCJ's rejected Worker's evidence and arguments does not signify either that Worker was denied the opportunity to present her case, or that the WCJ's ultimate determinations are unsupported. As previously stated, the WCJ's various findings appear to reflect that Employer/Insurer's evidence was deemed more pertinent and credible, in light of which Employer/Insurer's arguments were ultimately deemed more persuasive. Insofar as it was for the WCJ, as the trier of fact, "to weigh the testimony, determine the credibility of the witnesses, reconcile inconsistent statements of the witnesses, and determine where the truth lies," *Sanchez,* 102 N.M. at 476, 697 P.2d at 159, we conclude that Worker's argument presents no basis for reversal.

**CONCLUSION**

Accordingly, for the reasons stated above and in our notice of proposed summary disposition, the compensation order is affirmed.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**MICHAEL E. VIGIL, Judge**

5