891 P.2d 542

**Gilbert NARANJO and Anselmo Trujillo, Plaintiffs–Appellees,**

v.

**BOARD OF EDUCATION OF the ESPANOLA PUBLIC SCHOOLS, Alfredo L. Montoya, Merce Villareal, Estanislado (Tiny) Vigil, Arsenio Gallegos, Alex Naranjo, and Delfinio Trujillo, Defendants–Appellants.**

No. 21678.

Supreme Court of New Mexico.

Feb. 16, 1995.

**402**

Brown & German and Elizabeth L. German, Albuquerque, for appellants.

Jones, Snead, Wertheim, Rodriguez & Wentworth, P.A., William D. Winter, Santa Fe, for appellees.

*OPINION*

MINZNER, Justice.

This dispute arose when the Espanola School Board declined to renew the employment contracts of two school administrators. Alleging that their termination had occurred in violation of state statute, Plaintiffs Anselmo Trujillo and Gilbert Naranjo brought this action against the Board of Education of the Espanola Public Schools ("School Board") pursuant to the New Mexico Declaratory Judgment Act. The School Board appeals from summary judgment and the grant of declaratory and supplemental relief in favor of Plaintiffs.

In this appeal, we consider whether the School Board exceeded its statutory authority or breached its statutory duty by declaring Plaintiffs' administrative positions "vacant." We decide that it did not, and accordingly reverse the judgment entered in favor of Plaintiffs.

*FACTS*

During the 1990–91 school year the School Board employed Plaintiffs Trujillo and Naranjo as principal and assistant principal, respectively. Written one-year contracts governed the terms of employment. Trujillo's term of employment lapsed on June 20, 1991, and Naranjo's expired one week earlier. At a regular meeting held on June 25, 1991, the School Board, acting on the recommendation of the school superintendent, declared Plaintiffs' positions vacant. Two days later, the director of personnel informed Plaintiffs by letter that they would not be reemployed for the 1991–1992 school year.

Thereafter Plaintiffs brought a civil rights claim against the School Board pursuant to 42 U.S.C. §§ 1983 and 1988. Plaintiffs sought money damages and declaratory and injunctive relief to redress alleged constitutional violations. After the United States District Court denied the School Board's petition to remove the case to federal court, Plaintiffs amended their complaint. The amended complaint abandoned the civil rights claim and instead sought declaratory relief pursuant to the Declaratory Judgment Act, NMSA 1978, §§ 44–6–1 to –15. The complaint contended that the School Board's

action had constituted a "termination" as that term is defined in the School Personnel Act, NMSA 1978, §§ 22–10–1 to –26 (Repl. Pamp.1983). *See* § 22–10–2(D). The complaint further asserted that the School Board's act of declaring Plaintiffs' positions vacant had been in violation of a statute that empowers school boards to "terminate" employees. *See* NMSA 1978, § 22–5–4(D) (Repl.Pamp.1993). In essence, Plaintiffs argued that, because the School Board had voted to declare their positions vacant rather than to "terminate" them, the Board's action was in violation of the statute and therefore void. Plaintiffs sought declaratory relief, reinstatement, and compensatory damages.

The trial court ruled that the School Board's action violated Section 22–5–4(D) and granted partial summary judgment on that issue in favor of Plaintiffs. Thereafter, the court determined that Plaintiffs were entitled to supplemental relief pursuant to Section 44–6–9. Accordingly, the trial court entered a final judgment wherein it awarded Trujillo $66,899 and Naranjo $30,249 to compensate them for lost pay and retirement benefits for the 1991–92 school year. The court declined to order Plaintiffs' reinstatement to their former positions.

Appealing from that judgment, the School Board raises several issues. We conclude that Plaintiffs' claim is inconsistent with the statutes governing certified school personnel, and thus that the award made was contrary to statute. Because we determine that the award entered by the trial court cannot stand, we need not address the School Board's arguments concerning immunity, declaratory judgment, and offset.

*DISCUSSION*

While this case was pending on appeal, this Court decided *Swinney v. Deming Board of Education*, 117 N.M. 492, 873 P.2d 238 (1994). In that case, we concluded that school administrators "have no tenure rights as administrators." *Id.* at 493, 873 P.2d at 239. We based our determination in part on the fact that the legislature has clearly provided tenure protection for certified school instructors with three or more years of service, but has not chosen to extend similar protections to school administrators. *Id.;*

*see also* § 22–10–14 (entitling certified school instructors with three or more years service to procedural due process before termination). Our conclusion is reinforced by the fact that the legislature, during the period of time Plaintiffs were employed by the school district, provided for limited tenure rights for administrators who had been instructors. Section 22–10–14(B), as amended in 1983, provided in pertinent part:

> Employment in an administrative capacity within the same local school district shall not be considered retirement, discharge or a voluntary resignation for the purposes of this subsection, and a certified school instructor with tenure rights who has been hired within the same school district in an administrative capacity shall not have his tenure rights extinguished; provided that such a certified school instructor with tenure rights who has been hired within the same school district as an administrator shall lose that tenure right if, after two years, he chooses to remain an administrator.

*See* 1983 N.M.Laws, ch. 103, § 1. As stated in *Swinney*, this statute was enacted in the wake of *Atencio v. Board of Education of Penasco Independent School District*, 99 N.M. 168, 169–70, 655 P.2d 1012, 1013–14 (1982). *Atencio*, which decided that a previously-tenured school instructor lost tenure rights when reemployed as a certified school administrator, was partially overruled by the enactment of Section 22–10–14. This specific provision was further amended in 1986, when the legislature substantially modified teacher tenure rights. *See* 1986 N.M.Laws, ch. 33, § 22 (codified as amended at NMSA 1978, § 22–10–14 (Repl.Pamp.1993)).

In addition, the legislature enacted a provision regarding employment contracts with certified school personnel, including both teachers and administrators. *See* 1986 N.M.Laws, ch. 33, § 19 (codified at NMSA 1978, Section 22–10–11 (Repl.Pamp.1993)). That section provides: "Except as provided in Section 22–10–12 NMSA 1978, a person employed by contract pursuant to this section has no legitimate objective expectancy of reemployment, and no contract entered into pursuant to this section shall be construed as

an implied promise of continued employment pursuant to a subsequent contract." Section 22–10–11(E). This section supports the result in *Swinney,* and, indeed, this Court relied on it in resolving that appeal. *See* 117 N.M. at 493, 873 P.2d at 239. Thus, our review of the provisions contained in the School Personnel Act shows a legislative intent to distinguish between and confer different rights to certified school instructors and certified school administrators.

█ The district court's decision construing Section 22–5–4(D) appears to be in conflict with both the reasoning in *Swinney* and the language and meaning of Section 22–10–11(E). That is, when the district court construed Section 22–5–4(D), it appears to have recognized in Plaintiffs an expectation of continued employment beyond the expiration date of their respective contracts. Alternatively, perhaps the district court construed the Espanola Personnel Policies to provide a written contractual provision that supplemented the statutory scheme. Those policies provide, in relevant part: " 'Termination' means ... a refusal to rehire an employee at the expiration of an existing contract for a definite term.... [A]dministrators and non-certified employees may be terminated for good cause." *Espanola Personnel Policies,* G.5.2.1. This view is consistent with Chief Justice Montgomery's dissent in *Swinney,* in which he contended that a local school board could create a "legitimate expectation" of reemployment in school administrators by contractually obligating itself to provide certain procedures before terminating an administrator's employment. *See* 117 N.M. at 495, 873 P.2d at 241 (Montgomery, C.J., dissenting). However, it is not consistent with the majority opinion, which concluded that a local school board may not enter into a contract or formulate policy that violated specific statutory provisions governing tenure rights of school administrators.

Assuming, based on the reasoning in *Swinney,* that we cannot read the personnel policies as having provided greater rights than those provided by statute, this case requires us to construe the statute in effect at the time of Plaintiffs' termination, and upon which Plaintiffs rely:

A local school board shall have the following powers or duties:

.　　　.　　　.　　　.　　　.

D. subject to the provisions of law, approve or disapprove the employment, termination or discharge of all employees and certified school personnel of the school district upon a recommendation of employment, termination or discharge by the superintendent of schools.... Any employment, termination or discharge without the prior recommendation of the superintendent is void[.]

Section 22–5–4(D). Plaintiffs argue that this provision constrains the School Board in its authority; that is, they contend that the School Board's action in declaring their positions vacant was void because it did "not comply with the mandatory requirements of § 22–5–4(D)." Although it is not entirely clear in what respect Plaintiffs contend the School Board's action was void, we understand Plaintiffs' argument to be that because the School Board declared the positions vacant rather than specifically ruling that Plaintiffs' contracts would be terminated, the School Board violated the specific powers and duties contained in Section 22–5–4(D).

█ Plaintiffs' contention seems to conflict with Section 22–10–11(E), since that section specifically disallows for any expectancy of reemployment by a school employee, including an administrator. Plaintiffs argued to the trial court that Section 22–10–11(E) does not apply to them because that statute is directed only to. certified school personnel. However, Section 22–10–11(A) indirectly includes school administrators when it refers to the requirement that all employment contracts for certified school personnel be in writing. In addition, Section 22–10–11(B)(4) refers to "certified" school administrators. Although the term "certified school personnel" is not separately defined in the School Personnel Act, our review of the Act as a whole indicates that a "certified" school employee is one who holds a certificate from the State Board of Education, and includes both instructors and administrators. *See, e.g.,* § 22–10–3(A) ("Any person teaching ... in a public school ... and any person administer-

ing in a public school shall hold a valid certificate authorizing the person to perform that function."). Thus, it seems difficult to argue that Section 22–10–11(E) does not apply to Plaintiffs' case.

In the final analysis, the question to be resolved is whether Section 22–5–4(D) substantively constrains the School Board and, if so, whether the statute requires something more than the School Board's approval of the superintendent's recommendation to declare a position vacant and to not enter into a new contract with a school administrator. We believe that the trial court may have construed the word "termination" as it is used in Section 22–5–4(D) too narrowly, and, by doing so, imposed a different duty upon the School Board than what the legislature intended. In other words, in our view the School Board effectively terminated Plaintiffs' employment by declaring the jobs vacant, *see* § 22–10–2(D) (" 'terminate' means the act of not reemploying an employee for the ensuing school year"), and therefore met its obligations under the statute. Plaintiffs could reasonably infer from the School Board's action that they were not to be reemployed for the next school year. Contrary to Plaintiffs' assertions, they were not "in limbo"; the director of personnel's letter dated June 27, 1991, explained that the School Board's action "essentially defines [Plaintiffs'] status as not reemployed for School Year 1991–92." Plaintiffs were therefore aware that their contracts would not be renewed.

To require the School Board to utter its ruling in specific words, when the meaning of its action is clear, is to elevate form over substance. In addition, holding the School Board to such a standard unnecessarily creates an expectation of continued employment by the administrator and, as a result, conflicts with the legislature's clear intent to eliminate any such expectations. As long as the School Board has expressly determined that an employee will not be "reemployed" for the next contract year, we believe that the School Board has met its statutory duty and has not gone beyond its statutory power. In the instant case, the School Board made clear its intent to not reemploy, and therefore met its statutory obligations.

*CONCLUSION*

We are unable to reconcile the trial court's interpretation of Section 22–5–4(D) with the terms of Section 22–10–11(E). The legislature purposely excluded certified school administrators from the protections afforded certified school instructors. The trial court's award depends upon a premise the legislature specifically rejected in enacting Section 22–10–11(E). We conclude the award cannot stand. Therefore, we reverse and remand with instructions to enter judgment for the School Board. No costs are awarded.

**IT IS SO ORDERED.**

FRANCHINI and FROST, JJ., concur.