**UNITED STATES COURT OF APPEALS**

**March 2, 2009**

**FOR THE TENTH CIRCUIT**

DAVID CASTILLO,

      Plaintiff-Appellant,

v.

HOBBS MUNICIPAL SCHOOL
BOARD; JOE CALDERON;
STAN ROUNDS; RHONDA
CASTILLO,

      Defendants-Appellees.

No. 08-2128
(D.C. No. 1:05-cv-01228-JEC-CG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

    Plaintiff-appellant David Castillo sued his former employer, the Hobbs

Municipal School Board ("Board"); Joe Calderon, a Board member; Stan Rounds,

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

then-Superintendent of Schools; and Rhonda Castillo, his estranged wife.[1] He alleged various causes of action based on the Board's decision not to offer him an annual contract as an administrator with the Hobbs Municipal School District for the 2004-2005 school year. His claims were based on Ms. Castillo's surreptitious recording of a graphically sexual telephone conversation between him and his school secretary. He brought suit under the federal wiretap act,[2] the Civil Rights Act of 1964, and New Mexico state law. On January 31, 2007, the district court granted defendants' motion to dismiss all of Mr. Castillo's claims except his claims brought under the federal wiretap act. Those claims proceeded to a jury trial on March 5, 6, and 7, 2008. At the close of Mr. Castillo's evidence, the district court granted a judgment as a matter of law (JMOL) in favor of defendants, pursuant to Fed. R. Civ. P. 50(a). Mr. Castillo appeals. We exercise jurisdiction under 28 U.S.C. §§ 1291 (appellate jurisdiction over final district-court judgment) & 1367 (supplemental jurisdiction over state-law claims) and affirm.

---

[1]     Defendant Rhonda Castillo has not entered an appearance in this appeal.

[2]     "The federal wiretap act is formally known as the Omnibus Crime Control and Safe Streets Act of 1968, as amended by the Electronic Communications Privacy Act of 1986 and the Communications Assistance for Law Enforcement Act of 1994, 18 U.S.C. §§ 2510-22. For purposes of brevity, we refer to it as "'the federal wiretap act.'" *Quigley v. Rosenthal*, 327 F.3d 1044, 1047 n.1 (10th Cir. 2003).

*Background*

Mr. Castillo was employed as an administrator in the position of assistant principal at Highland Junior High School. His employment was pursuant to a contract running from August 4, 2003 to June 14, 2004. In previous years, Mr. Castillo also had annual contracts to serve as an administrator within the Hobbs Municipal School District.

In early March 2004, Mr. Castillo made a sexually-explicit telephone call to his secretary Lori Herrera from his marital home. Unbeknownst to either of them, Ms. Castillo had installed a device on the couple's home telephone to record calls, ostensibly because Ms. Castillo had received threatening calls. Ms. Castillo played the tape for Board Member Calderon, who gave it to Superintendent Rounds, who, in turn, played it for others within the school administration, including Mr. Castillo's immediate supervisor.

Although Ms. Herrera refused to file sexual-harassment charges, Mr. Rounds decided that Mr. Castillo should no longer be Ms. Herrera's supervisor to avoid placing either her or the school district at risk. Consequently, Ms. Herrera was transferred to another location.

The Board did not renew Mr. Castillo's contract as a school administrator, and the contract expired on June 14, 2004. Instead, the Board offered Mr. Castillo a position as a first-grade teacher for the 2004-2005 school year. He accepted, and

also requested additional teaching assignments for night classes and summer school to increase his income. That request was granted. Before the new contract began, however, Mr. Castillo accepted a position in Raton, New Mexico, as an administrator.

In his federal lawsuit, Mr. Castillo asserted various claims, not all of which he pursues on appeal. His appellate issues are: (1) the district court erred in dismissing his claim based on his liberty interest in his employment, (2) the district court erred in dismissing his contract claims based on a school-district policy and on his belief that a promotion had been rescinded, (3) the district court failed to address his claim brought under 42 U.S.C. § 1981, and (4) the district court erred in granting defendants a JMOL on his wiretapping claim on the ground that his evidence was insufficient to establish that defendants caused any of Mr. Castillo's alleged damages.[3]

*Standards of Review*

"We review the district court's grant of a Rule 12(b)(6) motion de novo, accepting all well-pleaded allegations as true and viewing them in the light most favorable to the plaintiff." *Dummar v. Lummis*, 543 F.3d 614, 618 (10th Cir.

---

[3]    To the extent Mr. Castillo appeals the district court's order denying him leave to amend his complaint, he has not revealed how an amended complaint would remedy the deficiencies in the original complaint, so we do not address this claim. *Cf. Barfield v. Commerce Bank, N.A.*, 484 F.3d 1276, 1281 (10th Cir. 2007) (affirming order denying leave to amend because proposed amended complaint "ma[de] out no valid new complaint").

2008) (quotation omitted). "To state a claim, a plaintiff's complaint must 'show[] that the pleader is entitled to relief.'" *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint must allege sufficient facts, taken as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

Under Rule 50(a)(1), a district court may enter a judgment "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). "We review a district court's grant of judgment as a matter of law de novo." *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 999 (10th Cir. 2008).

*Analysis*

I. Liberty Interest

Mr. Castillo contends that the Board, Calderon, and Rounds violated his liberty interest in his employment by not renewing his contract as an administrator. He alleges the reason for nonrenewal was the illegally-obtained tape recording of his sexually-explicit conversation with Ms. Herrera.

Mr. Castillo "arguably has a liberty interest in his good name and reputation as it related to his employment with [the school district]." *Darr v. Town of Telluride*, 495 F.3d 1243, 1255 (10th Cir. 2007). To state a claim for relief under

this theory, Mr. Castillo was required to demonstrate how defendants infringed upon his alleged liberty interest by establishing the following four factors: "first, the statements must impugn the employee's good name, reputation, honor, or integrity; second, the statements must be false; third, the statements must occur in the course of terminating the employee or must foreclose other employment opportunities; and fourth, the statements must be published." *Id. But see Renaud v. Wyoming Dept. of Family Services,* 203 F.3d 723, 728 n.1 (10th Cir. 2000) (suggesting that third element should have been phrased conjunctively: the statement must occur in the course of terminating the employee *and* must foreclose other employment opportunities). Mr. Castillo relies on the dissemination of the recorded telephone conversation as the infringing event.

We agree with the district court that Mr. Castillo has failed to establish the third element–that the statements must occur in the course of terminating the employee or must foreclose other employment opportunities. Not only was Mr. Castillo offered a position as a first-grade teacher in Hobbs, but he secured a position as an administrator with a school in Raton. Moreover, as discussed below, his employment was not terminated; rather, his one-year administrator's contract was fulfilled. Therefore, the district court's dismissal of this claim is affirmed.

## II. Breach of Contract

Mr. Castillo first argues that he stated a claim for breach of contract because

defendants did not follow the Hobbs School Administrator's Policy Manual provision for dismissing an administrator. But Mr. Castillo was not dismissed. Indeed, his contract extending through the June 14, 2004, expiration date was honored. Any claim that he was legally entitled to another one-year administrator's contract is foreclosed by New Mexico law. One holding an annual school-administrator position does not have tenure rights, *Swinney v. Deming Bd. of Educ.*, 873 P.2d 238, 239 (N.M. 1994), or an expectation of continued employment, *Naranjo v. Bd. of Educ. of Espanola Pub. Schs.*, 891 P.2d 542, 546 (N.M. 1995).

Second, Mr. Castillo challenges the district court's determination that his complaint failed to state a claim that he had been offered a promotion to be an administrator at the high school, an offer he claims was subsequently withdrawn when the tape recording was revealed. When reviewing a Rule 12(b)(6) dismissal, "we must accept as true all well-pleaded facts, and construe all reasonable allegations in the light most favorable to the plaintiff." *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008) (quotation omitted). Accordingly, we proceed on the basis that Mr. Calderon, a school board member, told Mr. Castillo that he had been promoted.

Mr. Castillo does not dispute that Mr. Calderon lacked authority to promote him. The person with promotion authority was Superintendent Rounds. Nevertheless, Mr. Castillo argues that Calderon's statement that he had been

-7-

promoted is sufficient to state a claim for breach of contract. He further argues that "[t]he administration confirmed the promotion in responding to the complaint," citing only to the same language in his complaint. Aplt. Opening Br. at 17. Mr. Rounds's statement did not create a contract because it is undisputed that he did not have authority to promote Mr. Castillo. The allegation that "the administration confirmed the promotion" is insufficient to state a claim. Accordingly, the district court properly dismissed Mr. Castillo's breach-of-contract claims.

### III. Section 1981 Claim

Mr. Castillo next complains that the district court did not address his claim brought pursuant to 42 U.S.C. § 1981. He asserts that his complaint alleged generally that he was a member of a racial group, that defendants intended to discriminate on the basis of race, and that the discrimination concerned the administrator's contract. *See* Aplt. Reply Br. at 15. Mr. Castillo's briefs do not identify a place in his complaint where he raised a § 1981 claim. Consequently, he has waived review of this claim. *See State Ins. Fund v. Ace Transp. Inc.,* 195 F.3d 561, 564 n.3 (10th Cir. 1999) (refusing to consider argument when appellant fails to show where in record issue was raised and resolved); 10th Cir. R. 28.2(C)(2) ("For each issue raised on appeal, all briefs must cite the precise reference in the record where the issue was raised and ruled on."). Furthermore, contrary to Mr. Castillo's argument, the district court did consider Mr. Castillo's

race-discrimination claim in the context of his Title VII claims, but held that the Title VII claims were time-barred. Mr. Castillo does not challenge that ruling. Therefore, we find no error relative to Mr. Castillo's purported § 1981 claim.

IV. Judgment as a Matter of Law – Wiretapping Claim

For his final appellate argument, Mr. Castillo asserts that the district court erred in granting a JMOL to defendants on the ground that "Plaintiff failed to offer sufficient evidence from which a reasonable jury could find that Defendants caused Plaintiff any of the damages he alleged." Aplt. App. at 180. Specifically, Mr. Castillo maintains that his evidence showed that his income from his job in Raton was less than from his job in Hobbs because in Raton he did not have summer-school or night-school teaching opportunities. He asserts that he was constructively discharged from his position as a first-grade teacher in Hobbs.[4] In addition, he contends that he proved non-economic damages for pain and suffering through his own testimony that he was humiliated by the playing and dissemination of the tape recording. In his reply brief on appeal, Mr. Castillo also challenges the district court's ruling that it had the discretion not to award statutory damages under the federal wiretap statute, *see* 18 U.S.C. § 2520(c)(2)(B).

Although Mr. Castillo asserts that he would have had a higher income if he

---

[4] Mr. Castillo also claims that he was constructively discharged from his position as a junior-high-school administrator, but as explained above, his one-year contract as an administrator was honored and he had no legal expectation of another contract.

had stayed in Hobbs, this is true only if he continued to receive employment teaching summer school and night school.[5]  He argues that this employment was guaranteed, but he testified that the summer- and night-school employment was guaranteed only for the 2004-2005 school year because it was written into his annual contract for that school year.  Aplt. Supp. App. at 337-39.  Mr. Castillo conceded that absent a contractual provision, this extra employment was not guaranteed by the Hobbs Municipal Schools.  *Id.* at 329.  Therefore, his claim of damages for possible future income from summer- and night-school employment is too speculative to provide a basis for compensatory damages.  *Cf. Aquila, Inc. v. C.W. Mining*, 545 F.3d 1258, 1265 (10th Cir. 2008) (affirming district court's decision not to reduce party's damages because it could not do so "without resorting to (impermissible) speculation").

Vital to the district court's judgment was the evidence that Mr. Castillo's salary in Raton was higher than it would have been had he stayed in Hobbs. Mr. Castillo testified that this was the case.  Aplt. Supp. App. at 327-29.  Although he relies on his expert economist's testimony that his income was reduced by his move to Raton, the expert's opinion, based on information supplied by Mr. Castillo, was contradicted by the evidence at trial including Mr. Castillo's testimony.  Therefore, the district court was entitled to reject the expert's

---

[5]  He testified that he also made an additional $350 per year from a private foundation.  Aplt. Supp. App. at 330.

evidence.  We conclude that the district court correctly determined that there was no legally sufficient evidentiary basis for a reasonable jury to find in Mr. Castillo's favor on the issue of lost income, and a JMOL was appropriate.

Although Mr. Castillo claims he was constructively discharged based on his own testimony that his income was reduced and he felt that he was being "run out of town," *id.* at 315, this evidence is insufficient to show that his employer "made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign," *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 805 (10th Cir. 2007) (quotation omitted).  Therefore, he failed to adduce sufficient evidence on which a reasonable jury could find that he was constructively discharged.  *See id.* at 806.  Moreover, the evidence directs a conclusion that he voluntarily resigned his position in Hobbs to take a position in Raton.

Mr. Castillo also challenges the district court's grant of a JMOL on his claim for non-economic damages based on his pain and suffering.  Mr. Castillo's sole evidence on this point was his own testimony that he was humiliated and demeaned because the tape recording was revealed to others.  He also testified, however, that he did not seek professional help for his emotional distress.  Moreover, there was no evidence of any manifestation of his distress.  Although damages for pain and suffering may be available even though "not susceptible to proof by a specific dollar amount," *Woolard v. JLG Indus., Inc.*, 210 F.3d 1158, 1174 (10th Cir. 2000), the cause and existence of emotional-distress damages must

-11-

be established "with the requisite certainty," *Bray v. Yellow Freight Sys., Inc.*, 483 F.2d 500, 507-08 (10th Cir. 1973) (quotation omitted). We again agree with the district court–Mr. Castillo's evidence provides no basis for a reasonable jury to calculate or award damages. An amount of damages cannot be based on speculation. *See Aquila, Inc.*, 545 F.3d at 1265.

Finally, Mr. Castillo argues for the first time in his reply brief that even if the district court correctly held that he failed to present sufficient evidence of actual damages to resist a JMOL, the court was required to award him statutory damages under the federal wiretap statute, *see* 18 U.S.C. § 2520(c)(2)(B). The district court noted that Mr. Castillo did not request such an award, and even if he had, the court would have denied the request. Aplt. App. at 181, n.1. We do not address this claim because it was raised for the first time in the reply brief on appeal. *See Vaughn v. Epworth Villa*, 537 F.3d 1147, 1153 n.5 (10th Cir.), *petition for cert. filed*, 77 U.S.L.W. 3400 (U.S. Dec. 24, 2008) (No. 08-819).

*Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-12-